AMABLE SOUVAIS v. ALVAH E. LEAVITT.

*Charge to a jury.*

The purpose of a charge to the jury is (1) to explain the issues ; (2) notice the claims of the parties and suggest, so far as necessary, the principles of evidence and their application ; (3) declare what rules of law will apply to any state of facts which may be found on the evidence.

In reviewing a case, the charge to the jury should be considered as a whole, and in connection with the circumstances which tend to color the case but which cannot appear upon the record ; and such intendments will be made in its favor as the facts will allow.

Error to the Superior Court of Detroit. (Chipman, J.) Jan. 10.—Feb. 27.

ASSUMPSIT. Defendant brings error. Affirmed.

*Henry M. Cheever* for appellant.

*Stewart & Galloway* for appellee.

GRAVES, C. J. February 12, 1873, the plaintiff sold to the defendant and Samuel A. Plumer a tract of twenty acres of land near the Grand Trunk junction, but the title was granted to the defendant. The consideration was $20,000, of which $5000 was paid down. To secure the remainder the defendant executed his note and mortgage to plaintiff's wife for $4166.67, and another note and mortgage to the plaintiff himself for $10,833.33. The note to the plaintiff was dated February 12, 1873, and was drawn payable to his order seven years after date, with annual interest on all parts unpaid at seven per cent. The plaintiff is a Frenchman who speaks English imperfectly and can neither read nor write, and who at the time of the transactions which are brought into question was far advanced in years, being now upwards of eighty-six. Payments of varying amounts were made at intervals, and some five or

six years ago the defendant received or got possession of the note and mortgage and destroyed them. A dispute arose. The defendant held several acquittances as evidence of payments made, and held also a paper purporting to be a receipt under the plaintiff's mark, and witnessed by Mr. Elwell, for $1700, and bearing date February 20, 1875; and likewise held a further paper purporting to be a discharge of the mortgage executed and acknowledged by the plaintiff August 7, 1877.

The defendant claimed that he paid the plaintiff in cash the $1700 as indicated by the receipt and paid the remainder of the debt, which was a few cents less than $1800, at the date of the discharge. The plaintiff positively denied having received either of said sums or any portion of them and denied having given the receipt, and also denied having executed and acknowledged the instrument set up as a discharge with any knowledge or suspicion of its being other than a release of a parcel of the mortgaged premises from the lien of the mortgage, and he insisted that there was still owing to him these two sums together with interest. He finally brought this action of assumpsit on the note to recover the amount alleged to be in arrear and the jury found in his favor. The defendant seeks a reversal on exceptions to certain rulings at the trial and the grounds on which they rest have been carefully examined. With one exception they are so obviously untenable that any attempt to discuss them would be hardly reasonable. They raise no point of present importance nor afford any basis for future precedent. The single objection justifying more notice is grounded on that part of the judge's charge which referred to the facts and theories respecting the payment of the $1700.

As would readily be supposed, the subject of the payment of this money was the center of serious controversy, on which each party adduced such testimony as he could, not only direct and positive but also by showing circumstances to induce favorable inferences and presumptions. And in the course of the examination of Mr. Lillibridge, a witness for

the defendant, it appeared that about the 12th of February, 1876, at which time a payment was made of $394.33 and being about a year subsequent to the date of the alleged payment of $1700, the witness made a careful computation of the amount still remaining unpaid.    And taking this fact to be as stated by the witness the plaintiff's counsel seems to have argued that said computation did not regard this sum of $1700 as having been paid, but treated it as still behind, and that the parties recognized the computation so made up as correct, and the defendant paid and the plaintiff received interest payments upon the faith of its showing the accurate amount.    In the course of his instruction to the jury on this subject the trial judge took occasion to explain the opposing positions of the parties and to inform the jury what law would be applicable to any view of the facts they might find to be true.

A very plausible argument is now made to satisfy the Court that the trial judge in this portion of his charge first assumed a state of things which was untrue, and then attached certain consequences in point of law most seriously prejudicial.    The learned counsel cites, and very correctly, the testimony requisite to his contention, and then says: "Yet, upon this testimony, the court charge: 'The testimony is undisputed that upon that computation the settlement was had, that there was no controversy, but that it was accepted as a proper and as a correct statement of the account between the parties; that it was not only accepted as such, but that the payment of interest was made upon it in accordance with its terms;'" and "as a matter of law, the court then charged, having thus settled the fact, as follows: 'That statement, as between the parties acted upon, carried to its consummation by a payment of the money which it called for, would constitute what is called in law an account stated as between the parties; and that account stated would bind them unless very peculiar circumstances existed; unless an evident patent mistake or fraud is shown to have existed in the transaction.'"

There was no testimony, it is said, on which to base this

charge. Now it is very obvious that the contention at this point turns on the meaning of the trial judge and the sense in which he was understood by the jury. The office of a charge is—1st, to explain the issues; 2d, to notice the positions taken by the parties and suggest, so far as the case may require it, the principles of evidence and their application; and 3d, to declare what rule or rules of law will be applicable to any state of facts which may be found on the evidence. The charge is of course an important part of the trial and it is generally more or less colored by circumstances pertaining to the trial which are never committed to the record. These matters are present to the jury and to the judge when his instructions are given, and his manner and style of instruction and their apprehension of his meaning may be much influenced by them.

An appellate court must commonly labor under more or less disadvantage from the impossibility of having the case in exactly the same state in which it was when the trial judge dealt with it. Various lights and shades which tended to give it character and expression in the court below are not perpetuated by writ of error or appeal. But while this difficulty must be acknowledged, it is the part of justice to restrict its influence as far as practicable by conceding much to the discretion of the trial judge and by making such favorable intendments as the state of the case will permit. *Cowles v. Richmond & Danville R. R. Co.* 84 N. C. 309, 311; *Evanston v. Gunn* 99 U. S. 660.

Now the record before us contains the whole charge, which was delivered entire and not in scattered requests, and after careful consideration we are not able to agree with the learned counsel for the defendant. The clause extracted must be read with the context and with the rest of the record, and the conclusion from the whole is that the judge did not mean to be understood and was not understood as laying it down that the matters referred to were facts admitted or facts not disputed.

On the contrary it seems to the Court that he intended to state these facts hypothetically,—to state them as facts

claimed by the plaintiff or his counsel to be true and on the truth or correctness of which the jury were to pass, and that he actually left the question of their accuracy to the jury and that they so understood him.

And the Court is further of the opinion that there was some warrant in the case for this mode of submission. This view of the charge disposes of the objection and deprives it of all force.

If the result of the trial was other than it should have been it seems not to have been the fault of the trial judge.

The judgment must be affirmed with costs.

COOLEY and MARSTON, JJ. concurred.