ANDREW ERICKSON v. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY.

*Negligence—Pleading—Cause of action.*

The declaration in this case is held to state a cause of action, and is given in full in the opinion.

Error to Gogebic. (Daboll, J., presiding.) Argued October 17, 1890. Decided November 21, 1890.

Negligence case. Plaintiff brings error. Judgment sustaining demurrer to declaration reversed, and a new trial ordered. The facts are stated in the opinion.

*Hayden & Young,* for appellant.

*M. M. Riley* and *J. E. Ball (Bradley G. Schley,* of counsel), for defendant.

LONG, J. This cause was commenced in the circuit court for Gogebic county by declaration, which was demurred to, and the demurrer was sustained by the court below, and judgment entered in the cause for defendant.

The declaration is as follows:

"STATE OF MICHIGAN.
"*In the Circuit Court for Gogebic County.*

"Andrew Erickson, plaintiff in this suit, by Hayden & Young, his attorneys, complains of the Milwaukee, Lake Shore & Western Railway Company, a railroad corporation in and existing under the laws of this State, defendant herein, of a plea of trespass on the case, filing this amended declaration, etc., as commencement of suit:

"For that whereas, heretofore, to wit, on the 7th day of November, 1889, and for a long time prior thereto, defendant was and had been operating a line of railroad, with side tracks, at Watersmeet, in said county, and at and during the time aforesaid, in the construction, repair, and improvement of its tracks and road-bed, used and operated a certain train called a 'gravel train,' operated with a locomotive, and hauled back and forth in the loading and unloading of gravel upon and from the cars of said train; that said train, at the time and place aforesaid, was under the charge of a person variously called a 'foreman,' or 'boss,' or 'conductor,' who hired and discharged all employés of defendant engaged to work thereon or thereabout as laborers, and who was charged by the employer, said defendant, with the performance of all duties owing by the employer to such laborers, not to expose them to risks outside their employment, or dangers which were extrahazardous, or perils the nature of which the servants should not understand or appreciate.

"That a short time—to wit, thirty days—prior to said November 7, the plaintiff, a common laborer, was engaged and employed by

defendant, acting through said boss, to work for defendant under the direction and control, and subject to the orders, of said boss, as a common laborer, in the shoveling of sand and gravel upon and from the cars composing said gravel train; and that the plaintiff thereupon begun his said employment, and worked thereat for said defendant, in the capacity aforesaid, up to the said 7th day of November, 1889, and on that day up to the time of suffering the injury herein complained of.

"That, in such employment, said boss or foreman was the person highest in authority, and the only person in authority acting in behalf of said defendant in the control and management of said train, and in the direction and control of plaintiff, and was the only person on behalf of defendant to whom plaintiff could complain or look for information, instruction, or protection, and there was no person representing the defendant superior to said boss in respect to all matters aforesaid.

"That on, to wit, said 7th day of November, while plaintiff was standing upon one of the cars of said gravel train, as required in his employment, and in no danger, the plaintiff was, by the neglect and wrong of defendant, suddenly, without preparation, warning, or instruction therein or therewith, ordered by said defendant, acting through said boss, to pull a coupling-pin between two cars, and assist in separating the same, and to jump from one of said cars to the other, between which the uncoupling was done, and while one or both of said cars were in motion, and the distance between them rapidly increasing, and defendant, acting through said boss, at the same moment of time, and to further endanger the safety of plaintiff, and without plaintiff's knowledge, wrongfully and negligently and suddenly let off a brake on one of said cars, whereby the compliance by plaintiff with said order of defendant was made still more difficult and dangerous; that work of the character plaintiff was thus ordered to perform was entirely out of the line of plaintiff's duties in his said employment, and much more difficult and dangerous to perform than anything occurring in his said employment, and pertained to the duties of a brakeman; that plaintiff had no experience in such work, no ability to perform the same properly, or with reasonable safety to himself, no adequate knowledge or just conception of the dangers thereof, and no time to learn or to question the propriety of said order, all which defendant well knew at the time aforesaid, and the giving of which order to the plaintiff, and requiring him to perform the same at the time and in the manner aforesaid and the accompanying acts of defendant, through said boss, as aforesaid, was wrong and negligence of defendant towards the plaintiff.

"That under the order of defendant, as aforesaid, and fearing

discharge if he refused, and without fault or negligence on his part, plaintiff attempted to perform the services so ordered by defendant, and while so attempting, and without fault on his part, fell between said cars, was run over, his right leg cut off, and his left leg and foot so bruised, wrenched, sprained, and broken that it became permanently disabled, and plaintiff deprived of the use of the same permanently, and he was rendered sick, sore, lame, and disordered, and suffered great pain, and so continued for a long space of time,—to wit, from thence hitherto,—and has been rendered incapable of labor and earning a living, whereby, through the wrong and carlessness of defendant, as aforesaid, and without neglect on his part, the plaintiff has been greatly injured and damaged, to wit, to his damage twenty-five thousand dollars ($25,000); and therefore he brings suit."

The demurrer charges that the declaration is insufficient for the following reasons:

"1. It fails to show or set forth the corporate existence of said defendant or its competency to be sued in said court.

"2. It discloses that the said plaintiff was guilty of negligence which contributed to the alleged injury complained of.

"3. It discloses that the risk assumed by plaintiff was an open and apparent one.

"4. It discloses that the plaintiff voluntarily assumed the risk complained of, as incident to his employment, and without remonstrance or protest on his part.

"5. It discloses that the risks complained of were the subject of common observation as well known to the plaintiff as to the defendant,

"6. It discloses that the alleged injury complained of was not caused by the negligence of said defendant.

"7. It discloses that the alleged injury complained of was caused solely by the negligence of said plaintiff and his fellow-servants.

"8. It wholly fails to disclose any legal liability upon the part of said defendant to the said plaintiff for the alleged injury complained of.

"9. The said declaration is argumentative, and charges the defendant with negligence only in, by, or through the inferences or conclusions drawn by the pleader from the facts therein stated, which said statement of facts wholly fails to disclose any such negligence on the part of said defendant."

The court below was in error in sustaining the demurrer and entering judgment for the defendant. The decla-

ration, while not artistically drawn, sets forth a cause of action. If it is true that the plaintiff, while acting under the foreman or boss, was ordered by him to pull the coupling-pin and jump across to the other car, and, without any notice to the plaintiff, the foreman let off the brake, which suddenly accelerated the speed of the car and widened the distance which plaintiff was to jump, and the plaintiff had no knowledge or information that the brake was to be let off, and by that means the plaintiff was injured, without any fault or negligence on his part, he certainly would have the right to recover. These are questions for the jury.

We shall not pass upon the question raised in this record that the plaintiff and foreman were fellow-servants. The declaration states a cause of action, and the judgment of the court below must be reversed, and a new trial ordered.

CHAMPLIN, C. J., CAHILL and GRANT, JJ., concurred. MORSE, J., did not sit.