ANDREW ERICKSON v. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY.

[See 83 Mich. 281.]

*Master and servant—Negligence—Fellow-servants—Witness— Attorney and client.*

1. A foreman who has full charge of a gravel train, with power to hire and discharge all men working thereon, and to whom alone they can make complaint, is not a fellow-servant of said employés; citing *Harrison v. Railroad Co.,* 79 Mich. 409.

2. Where a plaintiff, after consultation with his attorney, corrects his testimony, there is no rule of practice which authorizes the opposite counsel to call the attorney to the stand against his objection, and interrogate him as to what statements he made to his client during such consultation.

3. Plaintiff was a shoveler on a gravel train, and was ordered by the foreman, who was his superior servant, to uncouple an empty car from a loaded one, and to jump from it to the loaded car. While in the act of jumping, and without notice to the plaintiff, the foreman let off the brake, and thus suddenly widened the distance between the cars, and the plaintiff fell into the open space, and was injured, without fault on his part; and a judgment in his favor is affirmed.

Error to Gogebic. (Haire, J.) Argued October 12, 1892. Decided November 4, 1892.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*M. M. Riley (Bradley G. Schley,* of counsel), for appellant, contended:

1. Where the risks are known to the servant, or can be seen by him, they are always assumed by him as incident to his employment; citing *Davis v. Railroad Co.,* 20 Mich. 105; *Railroad Co. v. Smithson,* 45 Id. 212; *Hathaway v. Railroad Co.,* 51 Id. 253; *Kean v. Rolling Mills,* 66 Id. 277; *Melzer v. Car Co.,* 76 Id. 94.

2. A plaintiff who seeks to recover for a negligent injury must give notice to the defendant of the particular combination of circumstances constituting the negligence complained of, and must prove the same as laid; citing *Railway Co. v. Stark*, 38 Mich. 714; *Railroad Co. v. Marcott*, 41 Id. 433; *Addison v. Railway Co.*, 48 Id. 155; *Schindler v. Railway Co.*, 77 Id. 136; *Hood v. Olin*, 80 Id. 296; *Thomas v. Railway Co.*, 86 Id. 496.

3. In support of the contention that Moleski was a fellow-servant of the plaintiff, counsel cited: *Railroad Co. v. Dolan*, 32 Mich. 510 (conductor and engineer); *Railroad Co. v. Austin*, 40 Id. 250 (switchman and trackmen); *Day v. Railway Co.*, 42 Id. 523 (conductor and brakeman); *Smith v. Railway Co.*, 46 Id. 258 (inspector and brakeman); *Greenwald v. Railroad Co.*, 49 Id. 197 (fireman and brakeman); *Gardner v. Railroad Co.*, 58 Id. 584 (switchman and yard foreman); *Hoar v. Merritt*, 62 Id. 386 (painters and scaffold builders); *Cassidy v. Railroad Co.*, 76 Me. 488 (conductor and employé); *Ryan v. Railroad Co.*, 23 Penn. St. 384 (conductor and laborer); *Lovegrove v. Railway Co.*, 16 C. B. (N. S.) 669 (laborer and superintendent); *Hoke v. Railway Co.*, 11 Mo. App. 575 (laborer and foreman); *Waller v. Railway Co.*, 2 Hurl. & C. 102 ("ganger" and guard, *i. e.*, construction boss and conductor); *Heine v. Railway Co.*, 58 Wis. 525 (conductor and gravel shoveler); *Hoth v. Peters*, 55 Id. 405 (laborer and yard foreman); *Howland v. Railway Co.*, 54 Id. 226 (snow shoveler and conductor); Cooley, Torts, 561, 562; Wood, Mast. & Serv. § 435.

*Hayden & Young*, for plaintiff.

LONG, J. This case was in this Court on appeal from the order of the court below sustaining a demurrer to the declaration, and is reported in 83 Mich. 281. It was there said:

"If it is true that the plaintiff, while acting under the foreman or boss, was ordered by him to pull the coupling-pin and jump across to the other car, and, without any notice to the plaintiff, the foreman let off the brake, which suddenly accelerated the speed of the car and widened the distance which plaintiff was to jump, and the plaintiff had no knowledge or information that the brake was to be let off, and by that means the plaintiff was injured, without any fault or negligence on his part, he certainly would have the right to recover. These are questions for the jury."

The order sustaining the demurrer was overruled, and the case sent down for trial. It has been tried, and resulted in a verdict and judgment in favor of the plaintiff. Defendant now brings error.

On the trial the defendant contended, and contends here, that there is a variance between the proofs and the declaration, and that the court below should have directed the verdict in favor of the defendant for that reason. This claim is based upon the proposition that plaintiff's proofs tended to show that the duties pertaining to a brakeman had nothing to do with his injuries, which, if they resulted as claimed, were owing to a subsequent and distinct order, given after the duties of brakeman were discharged, while the allegation in the declaration is that the plaintiff, being a common laborer, whose duty it was to shovel gravel, was sent to perform the duties of a brakeman, and pull a pin between two cars, and assist in separating them, and to jump from one car to another, the distance between which was rapidly increasing by reason of the letting off of the brake by the foreman without plaintiff's knowledge; the real point of the claim being that the plaintiff had safely performed the work of pulling the pin, at which time his duties as brakeman ended, and when he jumped his duties as a common laborer had commenced. It must be confessed that this reasoning is altogether too subtle to have much weight. It is asking the court to determine as matter of law upon the facts found that up to the instant the pin was pulled plaintiff was acting in the capacity of brakeman, when at that identical moment that duty ceased, and his duty as a common laborer commenced, so that as a brakeman he pulled the pin, but in the act of jumping he was a loader of gravel.

The plain facts are that defendant's foreman, Moleski, had full charge of this gravel train, and complete control over every one employed working under him. He had

full power to hire all laborers engaged in the work and to discharge them. To him alone could they make complaint, and he directed the movements of this train. Plaintiff was injured upon the train upon which he had been accustomed to throw gravel. The order given him by Moleski to pull the pin and jump from one car to another was obeyed, and, as plaintiff says, because he supposed he must obey the order of Moleski, or he would discharge him. Moleski himself had command and control of the brake, and when he gave the order to pull the pin and jump he knew his command would be obeyed by the plaintiff. It was one continuous act, and took but a moment of time. Moleski had put the plaintiff in a place of danger to which he was not accustomed, and for which he was not originally hired; and it cannot be said that the danger had passed, and his duties as brakeman ended, after the pin was pulled, and before he had obeyed the further order to jump to the opposite car. It was one continuous act, and we think the declaration sufficiently specific to allow the introduction of proofs made under it.

It is also contended that Moleski, in directing the plaintiff to make the jump by which he was injured, was a fellow-servant. This question was settled in *Harrison v. Railroad Co.*, 79 Mich. 409, and we must hold Moleski as standing in the place of the master, and not as a fellow-servant.

Complaint is made of the ruling of the trial judge while plaintiff was upon the witness-stand. He had been examined through an interpreter up to the noon recess of the court, and had been questioned relative to the order given him by Moleski to pull the pin and jump from one car to another, and had testified that the brake was open before he pulled the pin or was ordered to jump, and which state of facts, it is claimed, he had testified to on

a former trial. Before the court convened in the afternoon of that day, plaintiff had a consultation with his counsel, and was told by him that he (the plaintiff) had stated the case differently than he (the counsel) had understood it in his talk with him. The plaintiff went to the interpreter, and told him that "they had got him down wrong," meaning evidently that either the interpreter had misunderstood him, or that the court reporter had taken his testimony down erroneously. When the court convened, the plaintiff took the witness-stand, and corrected his testimony, making claim that he had been misunderstood, as he had been informed by his counsel, and then made the statement that the brake was loosened after he had pulled the pin, while he was in the act of jumping. The correction of his testimony was made against defendant's objection. The defendant's counsel, upon cross-examination, showed the talk had between plaintiff and his counsel during the noon hour, and offered to call the plaintiff's counsel to show the fact. Counsel objected to being sworn in reference to the matter, and the court ruled that he could so decline. We find no error in this. Defendant's counsel had a full and fair opportunity to cross-examine the plaintiff himself in reference to the whole subject-matter, and availed themselves of it. The plaintiff had a right to make correction of his testimony if he had made an erroneous statement, or had been misunderstood by the court reporter, or misinterpreted by the interpreter. It was a question of fact for the jury whether this was so or not, and to give such weight to the plaintiff's testimony as, under the circumstances, they thought it warranted; but by no rule of practice had defendant the right to call plaintiff's counsel to the stand against his objection, and interrogate him as to what statement he had made to his client. Counsel had not been

called as a witness by either party, and was not thereafter called.

These are the principal objections argued orally before this Court. An examination of the brief of defendant's counsel shows several other objections which are argued there, all of which have been carefully examined, so that we do not think it necessary to speak of them here; and they must be overruled in view of the answers returned by the jury to the special questions propounded by defendant's counsel, as follows:

"1. Was the brake on the empty cars open before plaintiff attempted to jump?

"2. Was the danger of plaintiff's attempting to jump from one car to the other such as threatened immediate injury when he started to jump?

"3. Was the danger of jumping from one car to the other at the time in question plain to be seen?

"4. Was the danger of being injured by attempting to jump as plain to be seen by Erickson, the plaintiff, as it was by Moleski?

"5. Could the danger of jumping be plainly seen by Andrew Erickson at the time he attempted to jump?"

These questions were all answered in the negative, and we think determined the question that the plaintiff was not guilty of contributory negligence, as claimed.

The judgment must be affirmed, with costs.

The other Justices concurred.