ERICKSON *v.* SOYARS.

1. APPEAL AND ERROR—VERDICT FOR DEFENDANT—GREAT WEIGHT OF EVIDENCE.
   Evidence, presented in plant protection guard's action against contractor who furnished trucking service to plaintiff's employer for injuries sustained when he fell through a hole in the floor of one of defendant's trucks, on questions of defendant's negligence, proximate cause and plaintiff's freedom from contributory negligence *held,* to show jury's verdict for defendant was not against the great weight of the evidence.

2. BAILMENT—REPAIR OF TRUCK BY BAILOR—INJURY TO BAILEE'S EMPLOYEE.
   Testimony of traffic manager of plaintiff's employer that defendant had advised witness of hole in floor of truck, bailed to plaintiff's employer and had sought release of truck to effect repair before injury to plaintiff, a plant protection guard who was assisting a truck driver in spotting another truck at employer's loading dock when he fell through hole in defendant's truck, *held,* admissible on matter of whether or not defendant had discharged his responsibility for the condition of the truck and whether he had given requisite warning thereof.

3. WITNESSES—CORRECTION OF TESTIMONY—WEIGHT OF EVIDENCE.
   A witness may correct his testimony but it is for the jury to determine the truth of the testimony given under such circumstances.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 890.
[2] 6 Am Jur, Bailments § 192 *et seq.*
[4] 6 Am Jur, Bailments § 399.
[5] 3 Am Jur, Appeal and Error § 1097.
[6–9] 6 Am Jur, Bailments § 402.
[10] 53 Am Jur, Trial § 509.

4. BAILMENT—INJURY TO BAILEE'S EMPLOYEE—NEGLIGENCE OF BAILOR—QUESTION FOR JURY.

Whether or not defendant bailor of truck was negligent in not having hole in its floor repaired before plaintiff, a plant protection guard, fell through it while assisting in spotting another truck at employer's loading dock *held,* for jury under evidence submitted which showed that defendant requested withdrawal of the truck for such purpose but that the bailee's traffic manager had deferred such action until after plaintiff had been injured.

5. NEGLIGENCE—INSTRUCTIONS.

Instructions to a jury in a negligence case must be read as a whole and portions of them may not be lifted out of context and found insufficient.

6. BAILMENT—CONTRIBUTORY NEGLIGENCE OF BAILEE'S EMPLOYEE—HOLE IN TRUCK FLOOR—INSTRUCTIONS.

Instruction in action by bailee's employee, a plant protection guard, against bailor of truck for injuries sustained when he fell through hole in truck's floor in the nighttime while assisting a truck driver in spotting another truck at employer's loading dock, relative to plaintiff's exercise of due care *held,* to have fairly informed jury concerning such care and not to have been tantamount to instruction that plaintiff's failure to see the hole 6″ x 18″ was negligence as a matter of law' but to have left plaintiff's contributory negligence to jury as a matter of fact.

7. SAME—INJURY TO BAILEE'S EMPLOYEE—INSTRUCTIONS AS TO STATUS.

It was proper, under evidence presented, for court to leave to jury under instructions given as to whether the status of plaintiff, a plant protection guard, at truck bailee's factory, was that of an invitee, licensee, volunteer or trespasser in action arising from injuries received during the nighttime when plaintiff was assisting a truck driver in spotting another truck at the bailee's loading dock and fell through a hole in truck floor.

8. SAME—INJURY TO BAILEE'S EMPLOYEE—INSTRUCTIONS—SCOPE OF EMPLOYMENT.

Plaintiff plant protection guard, who was injured in the nighttime by a fall through the floor of defendant's truck which had been bailed to plaintiff's employer, was not entitled, under the evidence presented, to instruction that as a matter of law he was acting within the scope of his employment in assisting a truck driver in spotting another truck at employer's loading dock.

9. Same—Injury to Bailee's Employee—Instructions.

    Charge to jury in action by bailee's employee for injuries sustained when he fell through 6″ x 18″ hole in floor of defendant bailor's truck during nighttime while assisting in spotting another truck at employer's loading dock *held*, sufficient to explain the issues, notice the positions taken by the parties, suggest the applicable principles of evidence and rules of law applicable to facts found.

10. Trial—Purpose of Instructions.

    The office of a charge to the jury is to explain the issues, notice the positions taken by the parties, and suggest, so far as the case may require it, the principles of evidence and their application and declare what rules of law will be applicable to any state of facts which may be found on the evidence.

Appeal from Muskegon; Fox (Noel P.), J. Submitted January 8, 1959. (Docket No. 38, Calendar No. 47,035.) Decided April 13, 1959.

Case by Kenneth Erickson against John H. Soyars, doing business as Soyars Transfer Company, for personal injuries sustained while on defendant's truck. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for plaintiff.

*Raymond J. Engle* and *Albert J. Engel, Jr.,* for defendant.

Dethmers, C. J. Plaintiff appeals from judgment for defendant entered on jury verdict of no cause for action. The suit is for damages flowing from injuries sustained when he stepped through a hole in the floor of defendant's truck.

Plaintiff was employed by Continental Motors Corporation as a plant protection guard. Defendant was furnishing trucks and drivers, under contract, to Continental for hauling materials between

2 of its plants.    Continental directed the movement
of the trucks, the loads to be carried and their des-
tination.    It required defendant's trucks to be at
certain loading docks at certain times.    Defendant's
employees served only as drivers.    Defendant had
instructed them to do whatever Continental directed.
Continental's employees loaded and unloaded the
trucks. Its plant protection personnel had nothing to
do with that operation.  In unloading one of defend-
ant's trucks, Continental's employees broke the floor,
causing the hole through which plaintiff later
stepped.    Defendant knew of this defective condition
for a number of days before plaintiff's injury.    De-
fendant testified that he had notified Continental's
traffic manager thereof and requested permission to
withdraw the truck from service long enough to put
in a new floor.    The request was refused, defendant
being told to keep the truck in service until the fol-
lowing week end and then to have it repaired.  Plain-
tiff's injury intervened.

During the evening prior to plaintiff's injury the
truck in question had delivered a load of castings
and been unloaded at Continental's dock No. 2 where
it was left for the purpose of receiving a new load
at 7 a. m. the next morning.    At about 4 a. m. of that
morning, while it was yet dark and plaintiff was on
the job with Continental, he was instructed to admit
a truck . to Continental's premises at a specified
guardhouse and to spot it at dock No. 2 about three-
quarters of a mile distant.    He rode the truck to the
dock, dismounted, opened doors in front of the dock
to permit the driver to back the truck to the dock and
turned on lights making the dock visible.    Plaintiff
was about to leave the dock and proceed on his tour,
when he concluded that the driver might back his
truck into another, so he undertook to give the driver
directions in backing and parking.    The driver did
not request this and plaintiff had received no .in-

structions to do so from his superior or employer. There was dispute in the testimony as to whether this had been done previously by guards. Defendant and his drivers had no knowledge that Continental's employees, other than loaders and unloaders, had gone or would go onto the bed of defendant's trucks. In order to make himself visible to the driver and direct him in backing the other truck to the dock, plaintiff decided to go upon the bed of defendant's truck parked at the dock. From that position he undertook to direct the driver with signals how to back his truck. When he mounted defendant's truck he did not know of the hole in the floor. He had his flashlight shining on the floor but did not see the hole. The floor of the truck and the edges around the hole had been darkened by dirt and grease. Plaintiff testified that it was impossible for him to see the hole under the circumstances. Others testified that it was visible in the light then existing without the added use of a flashlight. The hole was approximately 6 inches wide by 18 inches long. As plaintiff walked on the floor, he stepped into the hole and his leg plunged through, causing him serious injury.

Plaintiff says that the court erred in denying his motion for new trial on the ground that the verdict is against the great weight of the evidence. Touching the questions of defendant's negligence, proximate cause and plaintiff's freedom from contributory negligence, there were conflicts in the testimony as to the facts and different inferences to be drawn from the facts. A holding by this Court that a verdict is or is not against the great weight of the evidence on a given record affords scant assistance in determining what its holding ought to be or will be on another record. Accordingly, there would be little benefit to the profession or public in recounting the testimony both ways in this case which must be considered in determining the great weight ques-

tion. Suffice it to say that we have examined it and find that the verdict is not against the great weight.

Plaintiff claims error in the reception of testimony of Continental's traffic manager that defendant had advised him of the hole in the floor before plaintiff's injury. This was offered to corroborate defendant's testimony and support his contention that he had discharged his responsibility by giving such notice and that Continental had refused defendant's requested permission to withdraw and repair the truck prior to plaintiff's injury. In view of defendant's claim that the truck was within Continental's control and beyond his own, under contract, and the fact that the traffic manager to whom the notice was given was an executive employee of plaintiff's employer, the testimony was pertinent, material and admissible as bearing on defendant's responsibility for the condition of the truck and on whether he had given requisite warning. The fact that the traffic manager did not so testify when first questioned but changed his testimony to that effect after a recess goes to the credibility but not the admissibility of his later testimony. A witness may correct his testimony. It is for the jury to determine the truth of the testimony given under such circumstances. *Erickson* v. *Milwaukee, L. S. & W. R. Co.*, 93 Mich 414, 418.

Plaintiff has assigned numerous errors as to instructions given or requested and refused. The first is that the court should have instructed the jury, as plaintiff requested, that defendant was guilty of negligence as a matter of law because he admitted that he had known of the hole days before plaintiff's injury. Although that knowledge was an element to be considered in determining defendant's negligence, it was not conclusive of the subject in view of the existence of questions relating to who had control of the truck and the sufficiency of the warning or

notice given by defendant. Defendant's negligence was, therefore, a question of fact for the jury.

Error is assigned on the court's instruction that:

"A person, in the exercise of due care for his own safety, is obliged to see what is about him to be seen, and the failure to do so is negligence."

Plaintiff says this was tantamount to instructing the jury that plaintiff's failure to see the hole was contributory negligence as a matter of law. This sentence, lifted from context, must be viewed against the background of testimony by others than plaintiff that the hole was visible and seen by them at the time plaintiff was injured and the court's detailing to the jury of plaintiff's claim that the darkened condition of the floor and edges of the hole and other factors rendered the hole invisible, as well as its other instructions concerning the question of plaintiff's contributory negligence such as:

"You will note that the person whose conduct we set up as a standard is not the extraordinarily cautious individual, nor the exceptionally skillful one, but a person of reasonable and ordinary prudence. While exceptional caution is to be admired and encouraged, the law does not demand it as a general standard of conduct."

"An owner has the obligation to use ordinary care and diligence to keep his premises in such condition that visitors would not be unreasonably or unnecessarily exposed to danger. Thus, a person who uses the property in the manner in which it was intended to be used, has a right to presume that it is in a satisfactory condition for such use. They are not guilty of contributory negligence in failing to anticipate and protect themselves against defects in the property from which they were not warned."

No prejudicial error occurred in this connection. The jury was fairly informed concerning the duty

of due care imposed on plaintiff and the applicable tests thereof.

The court did not err in instructing the jury that if the hole could have been seen in daylight by any person making reasonable use of his normal faculties then failure to do so may constitute contributory negligence and the hole was not rendered a "hidden peril" by reason of the darkness of night. 65 CJS, Negligence, § 38; *Bedell* v. *Berkey,* 76 Mich 435 (15 Am St Rep 370). The instruction left the question of plaintiff's contributory negligence in this connection one of fact for the jury. That was proper.

It was not error for the court to define and outline the respective rights of invitees, licensees, volunteers or trespassers and the duties owed them by the owner of premises. This was material under the testimony adduced. Plaintiff was not entitled to an instruction that he was as a matter of law neither a trespasser nor volunteer and that his presence on defendant's truck was lawful, imposing upon defendant the duty of exercising due care to avoid injury to him. The proofs left his status in that regard and the consequent duties owed him by defendant a question of fact for the jury under proper instructions as to the applicable law. The court properly submitted it to them as such.

Plaintiff was not entitled to instruction that he was, as a matter of law, acting within the scope of his employment in boarding defendant's truck. Testimony above noted left that a question of fact for the jury under appropriate instructions which the court gave in that regard.

With respect to numerous other requests of plaintiff to charge, covering such subjects as defendant's duty to foresee the consequences of his negligence and plaintiff's contributory negligence, which were not given verbatim as requested, we find that to the extent that he was entitled to it, the substance of

them was fairly stated in the instructions given. Purposes of precedent would not be served nor would benefit accrue from the spelling out of each request, the manner and extent to which it was covered by the court's instructions or the respect in which it went beyond that to which plaintiff was entitled. Plaintiff says that the charge "is no paragon of lucidity." It perhaps fails of perfection. Human expression does.

"The office of a charge is—1st, to explain the issues; 2d, to notice the positions taken by the parties and suggest, so far as the case may require it, the principles of evidence and their application; and 3d, to declare what rule or rules of law will be applicable to any state of facts which may be found on the evidence." *Souvais* v. *Leavitt,* 50 Mich 108, 111.

So tested, the charge served its office.

Affirmed, with costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.