. MORRISON *v.* W. R. REYNOLDS & CO.

1. CORPORATIONS—PLEADING—PRESIDENT'S AUTHORITY TO EMPLOY—ADMISSIONS.

Where, in an action on a contract of employment, defendant corporation, in the notice attached to its plea of the general issue, claimed a contract was made with plaintiff by its president different from that sued on, asked a judgment on a set-off for traveling expenses advanced, based thereon, and offered evidence thereof, it is in no position to question the authority of its president to employ plaintiff.

2. SAME—AUTHORITY OF DEPARTMENT MANAGER TO EMPLOY—QUESTION FOR JURY.

Evidence that defendant's president authorized the manager of its bond department to contract with plaintiff, *held,* to present a question for the jury as to the manager's authority.

3. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE, WHEN TO BE MADE—PRACTICE.

Although the better practice is for counsel to present their requests to charge before the arguments, because more helpful to the court and more beneficial to counsel, under

3 Comp. Laws 1915, § 12631, they are made in time if presented before the case is submitted.

4. APPEAL AND ERROR—TRIAL—REFUSAL OF REQUESTS TO CHARGE. Although the trial court erroneously declined to consider requests to charge because not made until immediately preceding the court's convening to charge the jury, where appellant was either not entitled to said requests or they were covered by the charge as given, the error was not prejudicial.

Error to Jackson; Williams (Benjamin), J. Submitted June 6, 1923. (Docket No. 36.) Decided July 19, 1923.

Assumpsit by Arthur M. Morrison against W. R. Reynolds & Company on a contract of employment. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cobb, Bisbee & Wilson,* for appellant.

*Don T. McKone* and *John D. Lynch,* for appellee.

MCDONALD, J.    This action is brought to recover $800 claimed to be due on a contract of employment as a bond and stock salesman.    The contract, as claimed by the plaintiff, is in the form of a letter reading as follows:

"Detroit, Mich., March 15, 1917.
"Mr. ARTHUR M. MORRISON,
   Wayne, Michigan:
"*Dear Sir:*  In accordance with our talk in Mr. Reynolds' office in Jackson, the other day, I hereby confirm the agreement made with you for your services for the McCuen-Reynolds Company, viz.: that you devote your entire time and work exclusively to selling the bonds and stock of this company on an expense and commission basis as follows:  For all the preferred stock of the McCuen-Reynolds Company you sell, you are to receive a commission of three (3%) per cent. of the par value of such stock; for all the first mort-

gage six per cent. real estate bonds put out by this company, you are to receive a commission of two per cent. (2%), and for all other bonds or stocks you may sell, one-half the net profits, with a guarantee that said commission shall be at least $150 per month. In addition to this your traveling expenses are to be paid by McCuen-Reynolds company.

"This agreement to date March 1, 1917, and to continue until canceled by either party on due notice.

"Yours very truly,<br>(Signed.) "F. A. PLATT,<br>Manager Bond department<br>McCuen-Reynolds Company."

Under this agreement the plaintiff claims he worked from March 1, 1917, to August 10th of the same year. The suit is to recover the guaranteed commission during that period. The defendant denies the authority of Mr. Platt to make the contract evidenced by the above letter. It admits that a contract was made by Mr. Reynolds, the president of the company, but says that Mr. Reynolds was also without authority to employ salesmen, that the contract made by Mr. Reynolds did not provide for a guaranteed commission of $150 per month to the plaintiff, but that he was to receive a commission of five per cent. against which was to be charged his traveling expenses. Accompanying the plea of the general issue defendant recited the contract made by Reynolds and claimed a set-off amounting to $380 for traveling expenses advanced to the plaintiff. At the conclusion of the proofs defendant moved for a directed verdict for the reason that there was no evidence that Mr. Platt, the manager of the bond department, nor Mr. Reynolds, the president of the company, had authority to make a contract of employment with the plaintiff. The motion was denied. The plaintiff received a verdict for the full amount of his claim. A motion for a new trial was denied, and the defendant thereupon brought the case here for review on writ of error.

The questions presented by the record are:

1. Did the court err in refusing to direct a verdict for the defendant on the ground that there was no evidence to show authority on the part of Mr. Platt or of Mr. Reynolds to bind the company by a contract with the plaintiff?    The defendant is in no position to question the authority of Mr. Reynolds.    In the notice attached to its plea, it claims a contract with the plaintiff made by Mr. Reynolds, its president, and asks for a judgment on a set-off based upon that contract.    It offered evidence of this contract and relied on it not only to defeat the plaintiff's claim, but to secure a judgment against him for the expenses advanced.    In view of these facts it cannot consistently claim that Reynolds had no authority to make a contract of employment with the plaintiff.    As to the authority of Mr. Platt, both the plaintiff and Platt testified that Reynolds authorized the contract. The plaintiff also testified that Mr. Reynolds subsequently ratified it.    This testimony presented a question for the jury as to Platt's authority, and the court did not err in submitting it to them.

2. Complaint is made that the court refused to consider the defendant's requests to charge.    When these requests to charge were presented the court said:

"Let the record show that immediately preceding the court's convening to charge the jury, that the defendant presents twelve requests to charge.    The record may also show that the court declines to spend the time to go into these requests at this time."

The court should have considered these requests. The statute relative to requests for instructions reads as follows:

"After the evidence is concluded, and before the case is argued or submitted to the jury, either party may submit written requests for instructions on any point of law arising in the cause, and upon such written requests so presented, an argument may be

made by counsel for the respective parties previous to the court passing thereon.    Any request not subsequently covered by the charge as given, shall be deemed to be refused."    3 Comp. Laws 1915, § 12631.

Counsel are in time if they submit their written requests before the case is submitted to the jury, but the better practice is to present them before the arguments.    This plan is more helpful to the court and most beneficial to counsel.    Under the circumstances, we should consider defendant's requests refused. However, if none of the requests should have been given, the court's refusal to consider them was not reversible error.    The first four requests are substantially a renewal of counsel's motion for a directed verdict, and were properly refused.    The fifth request is more correctly stated in the charge given. The sixth, seventh and ninth are sufficiently covered in the general instructions.    The eighth, tenth, eleventh and twelfth requests were improper in that they singled out certain facts which the court was asked to emphasize.

"Hereafter in all jury trials in courts of record, in charging or instructing juries, the court shall instruct them only as to the law of the case."    *    *    *    3 Comp. Laws 1915, § 12630.

"The duty of the court is ended when the jury have been properly charged upon the law as applicable to the facts, and it is more important that they consider the facts themselves in the light of all the testimony, than by singling out witnesses whom they may believe wholly, or partially, or not at all, according as they are convinced."    *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 143.

See, also, *Wood* v. *Standard Drug Co.,* 190 Mich. 654.

The charge given was exceptionally clear and concise.    The issues involved and the law applicable thereto were sufficiently and correctly stated.    In as

far as they were not covered in the general instructions the defendant was not entitled to the requests presented.

3. Error is assigned on the admission and exclusion of evidence.    We have examined these various assignments and find no reversible error.    They call for no discussion.

The judgment is affirmed.    Plaintiff will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.