KRZYWOSZ *v.* CRUMMETT.

1. CARRIERS — PASSENGERS — PERSONAL INJURIES — EXCESSIVE VERDICT.

   In passenger's action against bus operator for damages resulting to her when bus drove off highway and smashed into tree, extent of injuries and impairment of physical and nervous condition as result of accident to woman who testified her forehead was cut and glass imbedded therein, that she was bruised about the shoulder, that her nervous system was so shocked that she was unable to work at her previous job, that she experienced fainting spells, disturbed sleep, nausea when riding on buses and repeated vomiting, is greatly restricted in her diet, has biweekly menstrual periods, accompanied by severe headaches, backaches and cramps not previously suffered when periods occurred every 30 days *held*, questions of fact for jury; and verdict of $3,350 for injuries found to have been sustained not excessive in view of nature of injuries and loss of earnings.

2. EVIDENCE—PHYSICIAN'S TESTIMONY AS TO PERSON'S CONDITION—HEARSAY—SELF-SERVING STATEMENTS—PREJUDICIAL ERROR.

   Refusal of trial court to strike testimony of physician as to condition of plaintiff who had been injured while a passenger on defendants' bus on the ground that such testimony was based upon hearsay and self-serving statements of plaintiff *held*, not prejudicial error, where testimony of plaintiffs and other witnesses related to same facts concerning which physician testified and statements made by plaintiff to him largely constituted her testimony in court.

3. TRIAL—MOTION TO STRIKE TESTIMONY—OBJECTIONS.

   A motion to strike testimony may not be entertained after the witness has testified without objection having been raised as to the admissibility of his testimony.

4. NEW TRIAL—FALSITY OF TESTIMONY AS TO SOME ITEMS OF DAMAGE.

   Denial of new trial in passenger's action against bus operator after verdict because of alleged perjury of plaintiff and upon

ground of newly-discovered evidence as to two items of damages *held*, not reversible error, where matter of falsity of plaintiff's testimony had been before the jury and argued on the trial.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 11, 1938. (Docket No. 102, Calendar No. 40,274.) Decided December 21, 1938.

Case by Lucille Krzywosz against Al C. Crummett and Eastern Michigan Motor Buses, Inc., a corporation, for damages for personal injuries sustained while riding as a passenger in defendants' bus. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Clifford A. Mitts, Jr.,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendants.

MCALLISTER, J. On December 24, 1936, plaintiff, while a passenger on a bus operated by defendant, was injured when defendant's driver, in attempting to make a turn, drove off the highway and caused the side of the bus to smash into a tree. On the trial, the jury rendered a verdict in favor of the plaintiff in the amount of $3,350 and costs. On appeal, defendant claims that the verdict was against the overwhelming weight of the evidence; that the verdict was grossly excessive; and that the court erred in not granting a new trial on the ground of newly-discovered evidence showing that plaintiff was guilty of false testimony. Error is also assigned on the refusal of the court to strike out certain medical testimony on the ground that it was based upon

hearsay and self-serving statements made by plaintiff.

On the trial plaintiff testified that her forehead was cut and a piece of glass was imbedded therein; that she was bruised about the shoulder; and that as a result of her injury she suffered such shock to her nervous system that she was unable to work. She attempted to resume her previous work, but experienced fainting spells; her sleep is greatly disturbed; she becomes nauseated when riding on buses; has repeated spells of vomiting and is obliged to be greatly restricted in her diet. Her menstrual periods now occur every two weeks, whereas previously they occurred every 30 days, and are accompanied by severe headaches, backaches and cramps, from which she did not suffer previously.

Plaintiff's testimony was largely corroborated by her mother, her father, and other witnesses who also testified to a change in her general physical appearance and health.

Dr. A. B. Thompson testified that he had known plaintiff many years prior to the accident and had attended her previously because of a nervous and impaired physical condition due to irregular working hours, but that previous to the accident, she seemed to have recovered. When he saw her after the accident she appeared to be suffering from shock and was unable to eat or sleep. Dr. John L. Gates treated plaintiff at Ann Arbor after the accident and testified that she was unable to eat and digest; that she suffered nausea; could not control herself; had an ocular disturbance manifested by twitching; could not sit down at ease; and was fatigued about the arms. He had never known plaintiff before she came to him for treatment, but seemed to believe, considering plaintiff to have been perfectly normal

prior to the accident, that her nervous condition was a result thereof. Dr. David B. Davis, a physician engaged in the practice of treating mental diseases, testified concerning his examination of plaintiff, and stated that her condition could be the result of the injury that she sustained.

The extent of plaintiff's injuries and her impaired physical and nervous condition, as a result of the accident, were questions of fact for the determination of the jury, and, upon a consideration of the evidence of plaintiff's injuries, and her present condition, it cannot be said that the verdict was excessive.

As to the question raised by defendant that the court was in error in refusing to strike out the testimony of Dr. Davis on the ground that it was based upon hearsay and self-serving statements of plaintiff, we find no prejudicial error. The testimony of plaintiff and other witnesses related to the same facts concerning which Dr. Davis testified. Under the circumstances, we are constrained to hold that the fact that his testimony was based upon a direct examination of plaintiff as his patient and statements which she made to him, later largely constituting her testimony in court, was not sufficient ground to exclude it as based upon hearsay. In any event, the refusal to strike such testimony was not reversible error. Although the testimony of the witness was based upon the statements made by plaintiff to him, the same statements were embodied in testimony on the trial of the case, and it can be said that the testimony of such witness was as much based upon facts before the jury as upon statements made to him directly by plaintiff.

Defendant may not avail itself of a motion to strike testimony after the witness has testified with-

out objection. Throughout the testimony, defendants' counsel were aware of the fact that Dr. Davis was testifying as to his opinion based upon disclosures made to him by plaintiff. No objection was made to the admissibility of such evidence until during the second re-direct examination of the witness. No objection having been made to its admissibility when the testimony was first given, a motion to strike comes too late thereafter. See *Simmons* v. *National Live Stock Ins. Co.*, 187 Mich. 551 (Ann. Cas. 1917 D, 42); *Hutchins* v. *Liberty Life Ins. Co.*, 248 Mich. 593.

With regard to the claim by defendants that a new trial should be granted because of false testimony given by plaintiff, and upon the ground of newly-discovered evidence, it was sought to show, through affidavits and testimony of various persons, that plaintiff was guilty of perjury in stating that she had paid a certain amount for eye glasses and for a fur coat which had been damaged in the accident. Plaintiff's statement with regard to the cost of the eye glasses was contradictory and confused, but it was before the jury. During the trial, defendant introduced evidence to show that plaintiff could not have purchased the coat at the store at which she claimed to have bought it, as during the year in question no fur coats were being sold by such store. The trial court in denying a motion for new trial stated that the claim, that plaintiff's testimony was false, had been before the jury, and had been previously argued on the trial. We are referred to no authorities by counsel to sustain their contention that the judgment should be reversed on these grounds. Such assigned errors are not sufficient to warrant a reversal. *Spray* v. *Ayotte,* 161 Mich. 593; *Luckhurst* v. *Schroeder,* 183 Mich. 487; *Branch* v.

*Klatt,* 173 Mich. 31; *Karahlanian* v. *Hadshian,* 238 Mich. 447. On review of the testimony and the record, we are of the opinion that the judgment was not excessive in amount considering the nature of the injuries and the loss of earnings of plaintiff.

Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., did not sit.