SEDORCHUK v. WEEDER.

1. AUTOMOBILES—MINORS—NEGLIGENCE—PROXIMATE CAUSE.
In action by minor guest passenger in westbound car that was in northwest quadrant of intersection with north and south through highway when collision occurred with defendant's southbound car, in order that plaintiff may recover, instructions to jury need only require that defendant be found negligent and that his negligence was *a*, not the *sole*, proximate cause of the injuries, as the negligence, if any, of plaintiff's driver may not be imputed to plaintiff.

2. SAME—MINORS—IMPUTED NEGLIGENCE.
The negligence of a host motorist may not be imputed to his minor guest passengers when they receive injuries in a collision with another car.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 5, 1945. (Docket No. 47, Calendar No. 42,933.) Decided April 9, 1945.

Case by Edward Sedorchuk by his next friend Anna Sedorchuk against George Weeder for damages for personal injuries sustained in an automobile accident. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Stanley H. Maples*, for plaintiff.

*Cary & BeGole*, for defendant.

Contributory negligence of host does not bar recovery by minor passenger against negligent third person, see 2 Restatement, Torts, § 490.

BUSHNELL, J.  About 10 o'clock in the morning of October 24, 1941, plaintiff Edward Sedorchuk, a minor, was riding in a Ford coupe in a westerly direction on Twelve Mile Road approaching the intersection of Main street in the outskirts of Royal Oak, Michigan.  The weather conditions were clear and the pavement was dry.  Defendant George W. Weeder was driving his Chevrolet automobile in a southerly direction on Main street and, as he was crossing the Twelve Mile Road, the two cars collided in the northwest quadrant of the intersection. Sedorchuk at the time of the accident was sitting next to the right door, where the impact occurred, and received severe lacerations to the right side of his face and forehead.

Both streets are paved, Main street being 20 feet wide and Twelve Mile Road being 18 feet wide east of Main street, and 35 feet wide west of Main street. At the intersection is a stop sign and a flasher signal, Main street being a through thoroughfare. As Weeder approached the intersection he had an unobstructed view to the west, and his view to the east was also unobstructed, except for a 10-foot hedge 75 feet north of the edge of the pavement of Twelve Mile Road.  Weeder testified that as he approached the intersection he was driving between 25 and 30 miles an hour, and that he first saw the Ford car when it was about 30 or 40 feet from the center of the intersection, and at the time he was about 40 feet away.  He stated that his first thought was: "Is that car going to stop?"  Before he could make up his mind what to do, except to apply his brakes, the collision occurred.  The driver of the westbound car, Emmet Gokey, testified that he was a schoolmate of Sedorchuk and that he, Sedorchuk, and Sedorchuk's brother, Fred, were proceeding to

the vicinity of the Northwestern highway to hunt pheasants, and were traveling at a speed of about 25 miles an hour; that he did not see defendant's car or the stop sign; nor did he stop for the intersection.

Following the arguments of counsel when the court began to charge the jury, plaintiff's counsel interrupted, stating that he had some requests regarding the court's charge. He was informed that under the "rules of the court" the requests should have been presented to the court before argument, and that they would not be received "at this time."

Although the jury was correctly instructed that, because Sedorchuk was a minor, the negligence of his driver could not be imputed to him, the jury was also charged—"that if you find in this case that the defendant was negligent, and you should further find that Emmet Gokey, the operator of the car in which the plaintiff was a guest, was also negligent, you must further find that that negligence of the defendant was *the* proximate cause of this accident." (Italics ours).

The phrase, "the proximate cause," was repeated at least seven times in a charge consisting of only seven paragraphs. At the conclusion of the charge the court asked:

"Anything further I can say to this jury?"

Counsel for plaintiff replied:

"I would like an instruction to the effect that inasmuch as he is a minor, that the negligence can't be imputed to him."

The following colloquy then ensued:

"*The Court:* Well, that is true. The negligence of the driver cannot be imputed to the passenger of this car, he being a minor. Anything further?

"*Mr. Cary:* In that same respect, he has a certain duty remaining to protect himself.

"*The Court:* He has a duty to warn the driver of his car if he sees the immediate danger. Anything further?

"*Mr. Maples:* Well, if the jury—I would like an instruction to the effect that if the jury finds both drivers to blame, then they would have to bring in a verdict for the plaintiff.

"*The Court:* I refuse to give that request because I stated they must further find that the negligence of the defendant was *the* proximate cause of this accident. I have instructed the jury very fully on that question. Anything further?

"*Mr. Cary:* Nothing further.

"*The Court:* Anything further, Mr. Maples?

"*Mr. Maples:* Well, if the court please, I would like an instruction to the effect that it is the duty of a driver on a through street to keep an adequate lookout, and he is chargeable with seeing what he could see if he looked.

"*The Court:* That is a question of fact for the jury to decide.

"*Mr. Maples:* That is right, your Honor.

"*Mr. Cary:* Then let's have an instruction on the emergency situation. You can go on endlessly here.

"*The Court:* Is that all now?

"*Mr. Maples:* That is all.

"*Mr. Cary:* I think they have had enough instructions.

"*The Court:* You may follow an officer.

"(Thereupon the jury retired.)"

After deliberation, the jury returned a verdict in favor of the defendant.

Plaintiff on appeal contends, in substance, that the

verdict is against the great weight of the evidence, that the court erred in refusing to permit his counsel to submit his theory of the applicable law in his opening statement, and that, in the light of the holding in *Morrison* v. *W. R. Reynolds & Co.*, 224 Mich. 61, the court erred in refusing to receive plaintiff's written requests to charge even though such requests were submitted after the argument of counsel. He also insists that the court's charge to the jury was argumentative and prejudicial.

In the *Morrison Case* the court said, after quoting the applicable statute, 3 Comp. Laws 1915, § 12631 (3 Comp. Laws 1929, § 14310 [Stat. Ann. § 27.1039]):

"Counsel are in time if they submit their written requests before the case is submitted to the jury, but the better practice is to present them before the arguments."

The reason is indicated in *Niemi* v. *Brady*, 230 Mich. 217, where the court said:

"The better practice requires that requests should be presented at such times as will enable the trial court to consider them before the arguments are completed."

In the *Niemi Case* it was held that the requests preferred but embodied the substance of the court's instructions, and defendant had no cause for complaint when his rights were fully protected even though the charge was not given "in the language preferred."

The trial judge did not err in refusing to receive plaintiff's requests to charge at the time they were presented. We cannot, however, approve the charge as given because of the repetition of, and the emphasis on, the phrase, "*the* proximate cause." As

thus given, the charge was tantamount to an instruction that, before plaintiff could recover, he must show that defendant's negligence was "the sole" proximate cause of the accident. This is not the law, as there may be two proximate causes of an accident. *Fitzcharles* v. *Mayer*, 284 Mich. 122 (3 N. C. C. A. [N. S.] 565), and authorities therein cited at page 128. A proximate cause of an injury is not necessarily the sole cause. *Camp* v. *Wilson*, 258 Mich. 38. See, also, *Bordner* v. *McKernan*, 294 Mich. 411, and *Grand Trunk Western R. Co.* v. *Lovejoy*, 304 Mich. 35, 46.

This distinction is especially important in the instant case because of the fact that the contributing negligence, if any, of plaintiff's driver cannot be imputed to this minor plaintiff; and it does not therefore follow that defendant is not liable unless his negligence is *the* proximate cause. The jury should have been clearly instructed that plaintiff cannot recover from the defendant unless the jury finds that his negligence was *a* proximate cause.

Although the trial judge was correct in holding that defendant's negligence was a question of fact for the jury, we are of the opinion that, for the reason above noted, the charge as given was misleading. The judgment must be vacated and a new trial granted.

It is so ordered, with costs to appellant.

STARR, C. J., and WIEST and BUTZEL, JJ., concurred with BUSHNELL, J.

BOYLES, J. (*concurring*). I concur in reversal for the reasons given but feel that the instruction to be given the jury should go further than as stated by Mr. Justice BUSHNELL. The jury should be in-

structed that it should first determine whether defendant was guilty of negligence and whether such negligence was a proximate cause of the accident. If the jury should so find, then the' negligence of plaintiff's driver has no bearing in the case. When the defendant is guilty of negligence which is a proximate cause of the accident, and the plaintiff is a minor, the plaintiff is entitled to recover, because the negligence of plaintiff's driver, if he was negligent, cannot then be imputed to the plaintiff.

NORTH, BUTZEL, SHARPE, and REID, JJ., concurred with BOYLES, J.