KLENKE *v.* RUSSELL.

1. Automobiles—Minors—Imputed Negligence.

Negligence of a host motorist may not be imputed to his guest passenger when the passenger receives injuries in a collision with another car.

2. Same—Imputed Negligence—Instructions.

An imputed negligence instruction when requested is necessary in a case containing the factual alignment of a plaintiff minor passenger against a defendant driver of another car.

3. Same—Instructions—Proximate Cause.

Instructions to the jury in action by passenger in one car against driver of other car for injuries received in accident, in which: (1) in the first reference to the negligence of the defendant, the court used the phrase *"the* proximate cause" rather than *"a* proximate cause" in order to establish liability; (2) there was a failure properly to instruct the jury "it should first determine whether defendant was guilty of negligence and whether such negligence was *a proximate cause* of the accident"; (3) after instructing the jury concerning the issue of whether plaintiff's driver's negligence was the sole proxi-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 8 Am Jur 2d, Automobiles and Highway Traffic § 668 *et seq.*
[4] 53 Am Jur, Trial § 509.

mate cause of the accident, it was stated, that fault or lack of fault on the part of the defendant is also a subject for consideration indicating the main issue to be plaintiff's driver's negligence; and (4) there was a refusal to instruct the jury that plaintiff's driver's negligence was not to be imputed to plaintiff, *held*, erroneous in each of these respects, which, considered together, constituted prejudicial error.

4. TRIAL—PURPOSE OF INSTRUCTIONS.

The purpose of a charge to the jury is (1) to explain the issues; (2) to notice the claims of the parties and suggest, so far as necessary, the principles of evidence and their application; and (3) to declare what rules of law will apply to any state of facts which may be found on the evidence.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted Division 3 October 3, 1967, at Grand Rapids. (Docket No. 1,546.) Decided March 18, 1968. Rehearing denied April 25, 1968. Leave to appeal denied July 3, 1968. See 381 Mich 760.

Declaration by Robert Klenke against Forrest Russell for injuries sustained when an automobile, in which plaintiff was a passenger, struck defendant's automobile. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Smith, Brooker, Harvey & Cook (Francis B. Drinan,* of counsel), for defendant.

HOLBROOK, J. Plaintiff, Robert Klenke, was injured when the automobile in which he was a front seat passenger struck defendant's vehicle. The accident occurred on March 4, 1957, at approximately 8:30 p.m. at the intersection of M 46 and Orr road in Saginaw county, Michigan. It was plaintiff's contention at trial that defendant, Forrest Russell, who was proceeding in a westerly direction on M 46

moved toward the right side of the highway as if to make a right turn on Orr road, and then without any signal or indication of his intention, turned left into the path of the vehicle occupied by plaintiff as it was about to pass defendant's vehicle. Defendant denied negligence on his part and claimed that his vehicle was proceeding properly in a westerly direction on M 46, that he slowed down preparing to make a left turn on Orr road, and that he signaled as required by law and was in the process of turning when the vehicle occupied by plaintiff collided with the rear of his car. Defendant also claimed that the sole cause of the accident was the negligence of plaintiff's driver.

In appealing from the jury's verdict of no cause of action, plaintiff raises several claimed points of error.

*First.* Plaintiff contends that the trial judge committed error in giving the italicized paragraphs of the following instructions:

"If by the preponderance of the evidence it has been proved that any single negligent act on the part of the defendant Forrest Russell was *the proximate cause* of the injuries in question here, such proof is sufficient to establish liability and plaintiff should recover in damages from the defendant.

"The court instructs you further that you are to consider this case as one which involves the rights of a passenger Robert Klenke against the driver Forrest Russell of the other automobile.

*"The fault or lack of fault on the part of Mr. Day, plaintiff's driver, is a subject for your consideration in determining whether he was the sole proximate cause of the accident.*

*"If you find that Mr. Day was the sole proximate cause of the accident, plaintiff cannot recover here and your verdict would be for the defendant.*

"However, fault or lack of fault on the part of the defendant Mr. Russell is also a subject for your consideration in determining whether the defendant was guilty of any negligence which *contributed* to the happening of this accident or plaintiff's injuries.

"So, if you find that the defendant Russell was guilty of any negligence which *contributed* to the accident or the plaintiff's injuries, even though you find plaintiff's driver Mr. Day also was guilty of negligence in this accident, then your verdict would be for the plaintiff.

"To state it in other words, members of the jury, there may be more than one proximate cause of an accident.

"Therefore, even though you find the driver of the plaintiff car, Mr. Day, was in some way negligent in his manner of driving, and if you further find that the defendant Russell under the facts also was negligent and that such negligence on the part of the defendant Russell was at least one of the proximate causes of the injuries to the plaintiff, or if you find that the collision occurred as a result of the combined negligence of defendant Russell and the plaintiff's driver, then you still would be required to bring back a verdict in favor of the plaintiff." (Emphasis supplied.)

A similar "sole cause" instruction was approved by this court in the case of *DePriest* v. *Kooiman* (1966), 2 Mich App 431.[1] However, therein the trial court also instructed the jury that the negligence of plaintiff's driver was not to be imputed to plaintiff.

The concurring opinion of Mr. Justice Boyles in *Sedorchuk* v. *Weeder* (1945), 311 Mich 6, 11, 12, is relevant. It states in part as follows:

---

[1] In review of the case, the Michigan Supreme Court stated, "the above eliminates as moot need for discussion of the jury instructions below. Accordingly, we express neither approval nor disapproval of the instructions quoted in the opinion of the Court of Appeals, *supra*, at pp 433–436." *DePriest* v. *Kooiman* (1967), 379 Mich 44, 50.

"The jury should be instructed that it should first determine whether defendant was guilty of negligence and whether such negligence was a proximate cause of the accident.  If the jury should so find, then the negligence of plaintiff's driver has no bearing in the case.  When the defendant is guilty of negligence which is a proximate cause of the accident, and the plaintiff is a minor, the plaintiff is entitled to recover, because the negligence of plaintiff's driver, if he was negligent, cannot then be imputed to the plaintiff."

The instructions in the instant case were improper for 4 reasons:  (1) the use of the phrase *"the proximate cause"* as to negligence of defendant Russell at the outset of this portion of the charge, (*Sedorchuk* v. *Weeder, supra*); (2) a failure properly to instruct the jury that *"it should first determine* whether defendant was guilty of negligence and whether such negligence was *a proximate cause* of the accident"; (3) to instruct the jury that "fault or lack of fault on the part of the defendant Mr. Russell *is also a subject for your consideration,"* is tantamount to instructing it to determine first the fault or lack of fault of plaintiff's driver; and (4) the jury should have been instructed that if it finds negligence on the part of defendant, which negligence is a proximate cause of the accident, "then the negligence of plaintiff's driver [if any] has no bearing in the case." *Sedorchuk* v. *Weeder, supra,* at p 12.

Although the jury in the case at hand was instructed that it was to consider the case "as one which involves the rights of a passenger Robert Klenke against the driver, Forrest Russell, of the other automobile," it was not instructed that the negligence of plaintiff's driver, if any, was not to be imputed to plaintiff.[2]  An imputed negligence instruc-

---

2 Plaintiff's counsel, when given an opportunity under GCR 1963, 516.2 to object to the instructions, stated in part as follows:

tion is necessary in a case containing the factual alignment of a plaintiff-minor passenger against a defendant-driver.[3]

" 'The office of a charge is—1st, to explain the issues; 2d, to notice the positions taken by the parties and suggest, so far as the case may require it, the principles of evidence and their application; and 3d, to declare what rule or rules of law will be applicable to any state of facts which may be found on the evidence.' " *Milauckas* v. *Meyer* (1965), 1 Mich App 500, 507, quoting from *Souvais* v. *Leavitt* (1883), 50 Mich 108, 111.

See, also, *Erickson* v. *Soyars* (1959), 356 Mich 64.

An instruction to the effect that the negligence of the plaintiff's driver was not to be imputed to the plaintiff passenger was given in the *DePriest Case, supra,* and in the *Sedorchuk Case, supra.*[4]

*Second.* It is the contention of plaintiff that the trial court committed error in allowing into evidence defendant's exhibit 8-A, a diagram attached to the accident report. The plaintiff has no basis for complaint on this score, his counsel having consented in effect to the admission of defendant's exhibit. Also, no recognized legal objection to the admissibility of the exhibit was made and therefore, plaintiff cannot be heard to complain at this late date.

---

"In a close case such as this wherein plaintiff's driver, plaintiff's vehicle, is so clearly associated with the plaintiff that the jury very well may have the plaintiff's case stand or fall on the determination as to what indeed the plaintiff's driver did or did not do and that is to remove all doubt from the jury's mind that they are not to blame the plaintiff or impute any negligence, I feel that that should be spelled out to the jury."

[3] Even before *Bricker* v. *Green* (1946), 313 Mich 218 (repudiating the "doctrine of imputed negligence" as it had been previously applied) Michigan case law held that the negligence of a driver of an automobile could not be imputed to a plaintiff minor passenger. *Donlin* v. *Detroit United Railway* (1917), 198 Mich 327; *Ommen* v. *Grand Trunk W. R. Co.* (1918), 204 Mich 392; *Davis* v. *New York C. R. Co.* (1923), 222 Mich 239.

[4] The plaintiff passenger in *Sedorchuk, supra,* was a minor.

*Third.* The third issue raised by plaintiff con-cerning the trial court's refusal to instruct on contributory negligence need not be considered in view of our ruling herein.

*Fourth.* The trial court's failure to give plaintiff's instruction No. 21 concerning the effect and location of debris at the scene of the accident need not be considered in view of plaintiff's failure to protect the proposed instruction in accordance with GCR 1963, 516.2. *Hunt* v. *Deming* (1965), 375 Mich 581.

We understand the problems confronting the trial judge in determining his instructions even with the carefully prepared requests to charge presented by the attorneys. The presentation of supplemental instructions on the day the charge was given further complicated the process. Upon completion of the charge, counsel for plaintiff, as provided by court rule, presented the trial judge with another issue, that of imputed negligence. No guidelines as to this issue had previously been outlined in the case law of this State.

The careful and deliberate consideration permitted on review is not present in the trial court which is faced with pressing demands for action. After making this explanatory statement, we are constrained to hold that the instructions to the jury were improper in the following regard: (1) The first reference to the negligence of the defendant used the phrase *"the* proximate cause" rather than *"a* proximate cause" in order to establish liability; (2) a failure to properly instruct the jury that "it should first determine whether defendant was guilty of negligence and whether such negligence was a proximate cause of the accident"; (3) after instructing the jury concerning the issue of whether plaintiff's driver's negligence was the sole proximate cause of the accident, it was stated, "however, fault or lack of fault

on the part of the defendant Mr. Russell is also subject for your consideration"—indicating the main issue to be plaintiff's driver's negligence; and (4) a refusal to instruct the jury that plaintiff's driver's negligence was not to be imputed to plaintiff. Although any one of these errors standing alone may not constitute prejudicial error, we feel that when considered together, they are prejudicial.

Reversed and remanded for new trial, consistent with this opinion. Costs to appellant.

FITZGERALD, P. J., and BURNS, J., concurred.