WOIKNORIS v WOIROL

1. NEGLIGENCE—AUTOMOBILES—EXCESSIVE SPEEDS—CONTRIBUTORY
    NEGLIGENCE.

    Excessive speed will constitute contributory negligence where it
    contributes to an accident and injury.

2. NEGLIGENCE—EXTENT OF INJURIES—QUESTION OF FACT—JURY.

    The extent of a plaintiff's injuries and her impaired condition are
    questions of fact for the jury.

3. NEGLIGENCE—SUDDEN EMERGENCIES—TEST OF NEGLIGENCE—PRU-
    DENT PERSON—SAME CIRCUMSTANCES.

    A sudden emergency is one circumstance which may be consid-
    ered in determining whether an act was negligent, but the test
    of negligence remains whether the actor acted as a reasonably
    prudent person would act under the same or similar circum-
    stances.

4. NEGLIGENCE—SUDDEN EMERGENCIES—INSTRUCTIONS TO JURY—EVI-
    DENCE.

    A defendant is entitled to an instruction on the doctrine of
    sudden emergency where there is any evidence which would
    permit a jury to conclude that an emergency existed within the
    rule.

5. NEGLIGENCE—SUDDEN EMERGENCIES—INSTRUCTIONS TO JURY—
    HARMLESS ERROR—RECORD.

    An instruction to a jury in a negligence action on the doctrine of
    sudden emergency is harmless error even though no sudden
    emergency exists in the case where the record reveals with
    certainty that the jury did not excuse the defendants on the
    basis of the sudden emergency doctrine.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 180 *et seq.*
    8 Am Jur 2d, Automobiles and Highway Traffic § 716 *et seq.*
[2] 57 Am Jur 2d, Negligence § 7.
[3] 57 Am Jur 2d, Negligence §§ 90–93.
[4, 5] 57 Am Jur 2d, Negligence § 76.

Appeal from Muskegon, Charles A. Larnard, J. Submitted June 2, 1976, at Grand Rapids. (Docket No. 24553.) Decided July 20, 1976.

Complaint by Dorothy A. Woiknoris, for herself and as administratrix of the estate of Joseph Woiknoris, against Julius Woirol and Rose Woirol seeking damages for injuries arising from an automobile collision. Judgment for the estate of Joseph Woiknoris only. Dorothy A. Woiknoris appeals. Affirmed.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton* (by *Foster D. Potter*), for plaintiff Dorothy Woiknoris.

*White, Spaniola, Knudsen, Stariha & Potuznik, P. C.* (by *John S. White* and *John H. McKendry, Jr.*), for defendants.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. E. HOLBROOK, J. The sole issue for consideration is whether the trial court erred in instructing the jury on the "sudden emergency" doctrine in this case arising out of an automobile accident in Muskegon County. The accident occurred on Apple Avenue, a five-lane highway consisting of two lanes in each direction and a center turn lane. Defendant, Mrs. Woirol, was westbound and preparing to turn left across the eastbound lanes. Plaintiff, Mrs. Woiknoris, was eastbound in the lane next to the curb. Defendant moved to the center turn lane. She then began her left turn after another car had passed eastbound. She was blinded by the sun and stopped in the next lane,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the outside eastbound lane. She testified she then looked and could see bare pavement to the driveway of a fruit dealer approximately 238 feet down the road. She proceeded into the inside eastbound lane and was immediately struck by the plaintiffs' automobile. Plaintiffs brought this present action against defendant in Muskegon County Circuit Court.

The disputed instruction given to the jury reads as follows:

"However, if you find that the defendant was confronted with a sudden emergency, not of her own making, and if you find that she used ordinary care and was still unable to avoid the violation because of such emergency, then her violation is excused."

The jury then found, as to plaintiff Mrs. Woiknoris, in favor of defendant. However, on Mr. Woiknoris' claim the jury found in favor of him for damages in the amount of $2,267.44.[1]

It is apparent that if the jury had found a sudden emergency to have existed, defendant would not have been found negligent and would have been entirely excused. However, the jury did find negligence and granted recovery for Mr. Woiknoris. As to Mrs. Woiknoris, the jury may have found either contributory negligence or no damages.

The court also instructed the jury as follows:

"Your verdict will be for the defendant, if the plaintiff was not injured, or if the defendant was not negligent; or if negligent, such negligence was not a proximate cause of the injuries, or if the plaintiff herself was

---

[1] This was Mr. Woiknoris' direct cost, that is, damage to his car and medical costs in the amount of $2,267.44. Upon plaintiffs' motion for a new trial the trial court ordered additur of $1,401 to compensate Joseph Woiknoris for pain and suffering.

negligent and such negligence was a proximate contributing cause of her injuries, and the defendant's conduct was not willful and wanton as previously explained in these instructions."

Plaintiff testified that she observed defendant's vehicle as it approached approximately 500 feet away. She testified that she did not even see it again until it was right in front of her. The jury could have justifiably found this to be contributory negligence on the basis that plaintiff failed to maintain a reasonable and proper lookout. *City of Kalamazoo v Priest,* 331 Mich 43, 47; 49 NW2d 52, 54 (1951). Furthermore, this contributory negligence could not be imputed to the passenger Mr. Woiknoris. *Klenke v Russell,* 9 Mich App 409, 413; 157 NW2d 428, 431 (1968). In addition, there was testimony that plaintiff had stated she may have been traveling too fast. It is clear that excessive speed will constitute contributory negligence where it contributed to the accident and the injury. *Michigan Fire & Marine Insurance Co v Pretty Lake Vacation Camp, Inc,* 316 Mich 197, 202; 25 NW2d 166, 168 (1946). The jury also may have found that plaintiff suffered no damages. Expert testimony revealed that plaintiff's alleged injury was aggravation of an arthritic condition in her knee. There was testimony that anything could have caused the aggravation. In evidence were statements that she was seen without any hinderance of movement as she claimed. Also, her prescribed medicine did not differ substantially before and after the accident. Therefore, the jury may have found no damages as to plaintiff Mrs. Woiknoris. The extent of her injuries and her impaired condition were questions of facts for determination by the jury. *Krzywosz v Crummett,* 286 Mich 649, 652; 282 NW 853 (1938).

A sudden emergency is simply one of the cir-

cumstances to be considered in determining whether an act or conduct was negligent. The same standard of care generally observed is applicable; that is whether the actor acted as a reasonably prudent person would have acted under the same or similar circumstances. *Moskalik v Dunn,* 392 Mich 583, 591; 221 NW2d 313, 315 (1974). A defendant is entitled to an instruction on the doctrine when there is any evidence which would permit the jury to conclude that an emergency existed within the rule. *LaBumbard v Plouff,* 56 Mich App 495, 496; 224 NW2d 118, 119 (1974), *Dennis v Jakeway,* 53 Mich App 68, 74; 218 NW2d 389, 392 (1974).

There appears to have been no evidence to support a sudden emergency instruction in the instant case. In spite of the instruction which could have excused the defendant, the jury found defendant to be negligent. This Court has previously commented on this situation in *Bugar v Staiger,* 66 Mich App 32, 35; 238 NW2d 404, 406 (1975), where Judge BRENNAN said:

"However, even if the instruction was erroneous, plaintiffs were not prejudiced. The jury still found defendant Staiger negligent, but limited his liability to the estimated $1,600 property damage. The jury's failure to find that defendant Staiger's conduct was the proximate cause of plaintiff's personal injuries is not attributable to a possibly erroneous sudden emergency instruction."

Although it is impossible for us to say with certainty what the jury did find, we can say with certainty that the jury did not excuse the defendants on the basis of the "sudden emergency" doctrine. We therefore hold that although no sudden emergency existed in the case and the instruction thereon was error, such instruction was harmless.

Affirmed.