### HELBER *v.* HARKINS.

1. NEGLIGENCE—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action for personal injuries caused to plaintiff by a collision with some steps projecting over the curb into the pavement, placed there by defendant, the failure of

On contributory negligence of person injured by material placed in street by individuals, see note in 46 L. R. A. (N. S.) 333.

General rules as to effect of contributory negligence as affecting liability of municipal corporation for defects and obstructions in streets, see notes in 21 L. R. A. (N. S.) 614; 48 L. R. A. (N. S.) 628.

plaintiff and his chauffeur to see the obstruction, *held*,
not to constitute contributory negligence as a matter of
law.

2. SAME.

If candid and intelligent men might reach different con-
clusions on the facts, the question of plaintiff's contribu-
tory negligence was one for the jury.

3. SAME—PROXIMATE CAUSE.

It cannot be said that a reasonably prudent person could
deliberately put an obstruction in the traveled part of a
main thoroughfare in a city without contemplating that
some vehicle might collide with it.

4. SAME—PLEADING—EVIDENCE—CITY ORDINANCE.

A city ordinance, counted upon in plaintiff's declaration,
inhibiting the placing of building materials in the street
without permission of the board of public works was
admissible in evidence as tending to show that defendant
was guilty of negligence in placing some steps so that
they projected into the traveled way.

Error to Washtenaw; Sample (George W.), J. Sub-
mitted April 20, 1920. (Docket No. 98.) Decided
June 7, 1920.

Case by Adolph Helber against Howard Harkins for
personal injuries. Judgment for defendant on a di-
rected verdict. Plaintiff brings error. Reversed.

*Andrew J. Sawyer* and *Henry A. Baker,* for appel-
lant.

*Frank B. DeVine* and *Arthur Brown,* for appellee.

BIRD, J. This is a personal injury case in which a
verdict was directed for defendant on the ground that
plaintiff was guilty of such negligence, as a matter of
law, that he was not entitled to recover. On the morn-
ing of May 27, 1919, plaintiff was delivering milk to his
customers in the city of Ann Arbor with a Ford truck.
Fred Weber, a young man 17 years of age, was driv-

ing the truck and plaintiff was delivering the milk. They were going east on the south side of Huron street. They made a delivery at Mr. Crippen's residence immediately west of defendant's premises. When the truck started plaintiff stepped onto the runing board to be in readiness to make the next delivery, which was nearby. As the car passed defendant's premises plaintiff's legs were struck by some old stairs which protruded over the pavement. This forced his legs against the rear fender with such violence that both ankles were broken. It appears that defendant was rebuilding his house and had placed the stairs on the grass plat between the sidewalk and curb in such a manner that they extended over the pavement about 18 inches. The testimony discloses that they had been in this position for several weeks, and that defendant's attention had been called to their dangerous position by one of the city employees, whose duty it was to see that the street was kept clean.

1. Was plaintiff guilty of contributory negligence, as a matter of law? The trial court was of opinion that he was. Plaintiff's counsel insist that the question was one for the jury. The trial court appears to have been moved to its conclusion by the fact that the obstruction was in plain view and ought to have been observed by plaintiff or his chauffeur. The record does show that it was daylight and that the protruding end of the stairs could have been seen if one were looking in that direction. The chauffeur testified that he did not see it, that his attention was taken in starting the car and looking out for passing traffic. Plaintiff testified he did not observe it, that as he stood on the running board he was facing the sides of the car and looking to the north. We are unable to see in the acts of either plaintiff or his chauffeur such a departure from what an ordinarily prudent person would have done, under similar circumstances, that we

should say plaintiff was guilty of contributory negligence, as a matter of law. The attention of the average driver is taken, to some extent, when starting his car. Besides this he is usually concerned about keeping clear of other people using the street. The ordinary obstruction encountered along a paved way is usually of sufficient size and proportion to arrest the attention. The one in question was small, near the ground, and did not extend far into the traveled way. We cannot escape the conclusion that these, and other considerations, lead the question into the domain of fact. If candid and intelligent men might reach different conclusions on these facts, the question was one for the jury. *Amanta* v. *Railroad Co.*, 177 Mich. 280. It is possible that either plaintiff or his chauffeur should have observed the obstruction and avoided it, and maybe a jury, under all the circumstances, will so conclude, but we do not feel that we should say so, as a matter of law.

The court, in disposing of the case, said to the jury:

"The damages which are to be recovered in a court action must always be the natural and approximate consequences of the wrongful act complained of. If a new force or power has intervened that is sufficient to stand as the cause of the mischief or injury, the first must be considered as too remote, that is, the wrongful or negligent act must be the direct cause of the injury complained of. I think this act of driving this automobile in the street is an independent, intervening act, which could not have been contemplated or anticipated by the defendant when he placed the stairs in the position that they were."

This is only another way of stating that plaintiff was guilty of contributory negligence, as a matter of law. Of course, if plaintiff was guilty of negligence, which caused or contributed to his injuries, his negligence would be the proximate cause of his injuries. 29 Cyc. p. 505. But if the court was going to treat

the question from that aspect he should have submitted the question of proximate cause to the jury.

We are unable to concur in the court's conclusion that the "driving of the automobile in the street was an independent, intervening act, which could not have been contemplated or anticipated by the defendant when he placed the stairs in the position that they were." Huron street is one of the main thoroughfares of Ann Arbor. It was constructed and is maintained for the passage of pedestrians, teams, and vehicles, and for no other purpose. We hardly think it should be said that a reasonably prudent person could deliberately put an obstruction in the traveled part of the way without contemplating that some vehicle might collide with it.

2. Plaintiff counted, in his declaration, upon a city ordinance, which inhibited the placing of building materials in the street without permission of the board of public works. Upon the trial this ordinance was offered in evidence by plaintiff, but was excluded by the court. We think this was error. The ordinance was admissible as tending to show that defendant was guilty of negligence in placing the obstruction in the street. *Westover* v. *Railway Co.*, 180 Mich. 373.

Inasmuch as there must be a retrial, we think it will be unnecessary to consider the other questions raised. The judgment is reversed, with a new trial. Plaintiff will recover his costs in this court.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.