McCONNELL *v.* ELLIOTT.

1. NEGLIGENCE—MOTOR VEHICLES—DIRECTED VERDICT.
In an action for personal injuries caused to plaintiff when defendant's car came onto the wrong side of the road and collided with plaintiff's car, where plaintiff's testimony made a case for the jury, defendant was not entitled to a directed verdict.

2. SAME—WEIGHT OF EVIDENCE.
Verdict for plaintiff *held*, not against the weight of the evidence.

3. APPEAL AND ERROR—NEW TRIAL—VERDICT SHOULD NOT BE SET ASIDE UNLESS AGAINST OVERWHELMING WEIGHT OF EVIDENCE.
The Supreme Court may not set aside a verdict because it would have reached a different conclusion than did the

---

[1]Motor Vehicles, 42 C. J. § 1048; [2]Id., 42 C. J. § 1044; [3]Appeal and Error, 4 C. J. § 2838.

jury; but it may be set aside only when it is against the overwhelming weight of the evidence.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ILLEGAL ACT NO BAR TO RECOVERY UNLESS IT CONTRIBUTED TO INJURY.

An instruction by the court that although plaintiff was operating his automobile at a rate of speed in excess of the statutory provision then in force (Act No. 287, Pub. Acts 1925, § 21), such fact would not prevent recovery unless it contributed to the accident, was not erroneous.

5. SAME.

To deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury.

6. SAME—SUDDEN EMERGENCY.

The law makes allowance for acts done in an emergency and in sudden peril and for lack of coolness of judgment incident thereto.

Error to Washtenaw; Sample (George W.), J. Submitted December 1, 1927. (Docket No. 146.) Resubmitted March 27, 1928. Decided April 3, 1928. Rehearing denied June 5, 1928.

Case by Herbert McConnell against Richard Elliott for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cavanaugh & Burke* (*Carl A. Lehman*, of counsel), for appellant.

*Frank B. De Vine*, for appellee.

FELLOWS, J. Plaintiff was driving his car in an easterly direction near Denton in Wayne county. The undisputed testimony is that he was at all times on the right side of the road. He came in collision with a car driven by defendant going in a westerly direction. Defendant either attempted to pass a car standing or moving slowly, or his automobile slued onto the wrong

---

[4]Motor Vehicles, 42 C. J. § 911; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1180; 51 L. R. A. (N. S.) 993; 2 R. C. L. 1191; 1 R. C. L. Supp. 728; 4 R. C. L. Supp. 150; 6 R. C. L. Supp. 132; [5]Negligence, 29 Cyc. p. 525; [6]Id., 29 Cyc. p. 521.

side of the road in an attempt to stop it, the pavement being slippery. Plaintiff's testimony was to the effect that he was driving at a lawful rate of speed, and that defendant's car came out in front of him onto his side of the road but 25 feet away, too short a distance to stop. Defendant's testimony tended to show that plaintiff was driving at an excessive rate and that he could and should have seen defendant's car in time to stop.

While defendant made a motion for a directed verdict and for judgment *non obstante veredicto* and assigns error upon the refusal to grant these motions, in the main his insistence is that the verdict was against the weight of the evidence, that question having been raised by a motion for a new trial. Clearly plaintiff's testimony made a case for the jury and defendant was not entitled to a directed verdict. Nor can we say on this record, having due regard for our duties as a reviewing court, that the verdict should be set aside as against the weight of the evidence. We, of course, do not on the law side of the court try cases *de novo.* The fact that we would reach a different conclusion than did the jury is not controlling. We should set aside a verdict, and only set one aside, when it is against the overwhelming weight of the evidence. We are not persuaded that this record justifies us in setting aside the verdict.

Two assignments of error on portions of the charge of the court should be considered. They are too lengthy to quote and it will be necessary to state their substance. The first relates to the portion of the charge which in substance instructed the jury that although plaintiff was operating his automobile at a speed in excess of the statutory provision then in force (Act No. 287, Pub. Acts 1925, § 21), such fact would not prevent recovery unless it contributed to the accident, and the second to that portion of the charge that stated that the law made allowance for lack of

exercise of deliberate judgment by one suddenly placed in peril, and allowed the jury to consider plaintiff's sudden peril in determining the question of his contributory negligence.    The first of these assignments of error is answered by *Arvo* v. *Delta Hardware Co.*, 231 Mich. 488, and authorities there cited, and the second by *Myler* v. *Bentley*, 226 Mich. 384.    In the *Arvo Case* we quoted with approval from 1 Cooley on Torts (3d Ed.), 269, the following:

"The principle is, that to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury."

And in the *Myler Case* we said:

"Counsel for defendant stresses plaintiff's failure to use the emergency brake, his turning quickly to the right, off the edge of the pavement, and his turning quickly back upon the road, as contributory negligence as a matter of law.    But the law makes allowance for acts done in an emergency and in sudden peril and for lack of coolness of judgment incident thereto."

The charge as a whole fairly submitted the case to the jury; it is not open to the objection that it was argumentative, and in the absence of specific requests it stated the rules and all the rules necessary to be applied to the case.    We find no reversible error on the record before us, and

The judgment will be affirmed.

FEAD, C. J., and NORTH, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.

WIEST, J. (*concurring*).    I concur, but desire to make plain that while "the law makes allowance for acts done in an emergency and in sudden peril and for lack of coolness of judgment incident thereto," it makes no such allowance in case of an emergency occasioned by a plaintiff's violation of positive law.    This point was raised and was covered by instructions to the jury.