BERNSTEIN v. BRODY.

1. NEGLIGENCE—IMPUTABLE NEGLIGENCE—MOTOR VEHICLES.
   Negligence of automobile driver is imputable to passenger in his car.

2. MOTOR VEHICLES—DUTY OF DRIVER MAKING LEFT TURN.
   Automobile driver making left turn is not bound to anticipate that approaching automobile is exceeding lawful speed limit (1 Comp. Laws 1929, § 4697).

3. SAME—EXCESSIVE SPEED—CAUSAL RELATION TO ACCIDENT.
   That plaintiff's automobile was exceeding speed limit at time of collision will not bar recovery for damages unless speed has causal relation to accident.

4. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   Passenger in automobile injured in collision at street intersection is precluded from recovering damages therefor, where collision would not have occurred had automobile not been exceeding lawful speed limit, although driver of car with which it collided was also guilty of negligence in making left turn in front of it.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted October 14, 1931. (Docket No. 118, Calendar No. 35,940.) Decided January 4, 1932.

Case by Mollie Bernstein against Leo Brody for personal injuries received in an automobile collision at an intersection. Judgment for plaintiff. Defendant appeals. Reversed.

*Bernstein & Bernstein*, for plaintiff.

*Howard D. Brown* (*George H. Cary*, of counsel), for defendant.

On speed of automobile as negligence, see annotation in 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993.

As to effect of speed and application of speed regulations on liability for collisions between automobiles or automobile and another vehicle at or near corner of streets or highways, see annotation in L. R. A. 1916A, 747.

On contributory negligence as proximate cause of injury, see annotation in 7 L. R. A. 130; 8 L. R. A. 82; 13 L. R. A. 733.

CLARK, C. J. Plaintiff was injured in a collision of automobiles at the intersection of Twelfth street and Euclid avenue in Detroit. She was a passenger, and it is conceded that negligence of her driver is imputed to her. The trial was without jury. Plaintiff had judgment. Defendant has appealed.

The questions are defendant's negligence, contributory negligence imputed to plaintiff, and that the court's decision on these questions is against the preponderance of the evidence.

Schneyer drove the car in which plaintiff rode. Defendant drove south on Twelfth street intending to make a left turn into Euclid. He testified he slowed to 10 miles per hour, and, observing the Schneyer car coming north on Twelfth about 100 feet from the intersection, made the turn. Just as defendant's car entered Euclid, leaving Twelfth, it was hit near its right rear wheel by the right front of the Schneyer car. The record shows defendant cut the corner to some extent at least in making the turn. A police officer, on the corner at the time, testified defendant's speed in making the turn was 4 or 5 miles an hour, and that when he started to turn, the Schneyer car was 80 or 100 feet south of the intersection. Schneyer's testimony is that he was entering the intersection when defendant attempted to pass in front of him and that he applied brakes but could not avoid collision. The weight of evidence is that the Schneyer car was nearly 100 feet from the intersection when defendant started to turn.

It is established that the speed of the Schneyer car until brakes were applied was in excess of the limit fixed by statute for this business street, section 5, tit. 3, Act No. 90, Pub. Acts 1929 (1 Comp. Laws 1929, § 4697), and in excess of the limit fixed by the

city ordinance. The testimony of speed is: Schneyer, 15 to 18 miles; the police officer, 22 to 25 miles; another witness, 30 to 35 miles. Defendant was not bound to anticipate that Schneyer would exceed the lawful speed limit. The speed will not prevent recovery unless it has causal relation to the accident. *McConnell* v. *Elliott*, 242 Mich. 145.

The trial court states the accident might have been avoided if defendant had made the turn more rapidly. That is true, as an instant, a second more of time, would have saved collision. Likewise, if Schneyer had driven less rapidly the collision would have been avoided.

The statute and ordinance limiting speed are chiefly to guard against accidents such as this where cars, pedestrians, or other traffic objects suddenly confront a driver. There is a causal relation between the speed of the Schneyer car and the accident. Assuming negligence of defendant, it follows, from what has been said, that Schneyer was contributively negligent, which, imputed to plaintiff, precludes recovery. Other questions, therefore, require no discussion.

Reversed without new trial. Costs to appellant.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.