### SWIFT *v.* KENBEEK.

1. APPEAL AND ERROR—THEORY OF TRIAL—PERTINENT QUESTIONS ON
REVIEW—BICYCLIST'S CONTRIBUTORY NEGLIGENCE.
   Under instructions distinctly submitting issue of deceased
   bicyclist's contributory negligence to jury as a question of fact,
   questions pertaining to presumption of deceased's freedom
   from contributory negligence would not be pertinent.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   In action for damages because of defendant's negligence in which
   the defense of contributory negligence is interposed, unless the
   record is such that men of reasonable minds would not differ, a
   question of fact is presented.

3. SAME—DIFFERENT INFERENCES—QUESTION FOR JURY.
   Even if there were no conflict in the testimony, if different infer-
   ences might reasonably be drawn as to its import, the question
   as to whether there was negligence would still be for the jury.

4. AUTOMOBILES—BICYCLES—SPEED—PROXIMATE   CAUSE—QUESTION
FOR JURY.
   In action under survival act for damages for death of bicyclist
   whom defendant motorist claims was traveling at an excessive
   speed, even though all the evidence on the matter of speed is
   to that effect, under the circumstances a question for jury

remained as to whether speed at which bicyclist was riding was or was not a proximate cause of the accident which occurred at night.

5. APPEAL AND ERROR—REVIEW OF FACTS AND LAW IN NONJURY LAW CASES.

On review of nonjury law cases the Supreme Court may review both the facts and the law.

6. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In action under survival act for injuries resulting in death of bicyclist where evidence as to contributory negligence of bicyclist was conflicting and such issue was passed upon by a jury, the Supreme Court was bound by jury's findings.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 5, 1939. (Docket No. 12, Calendar No. 40,399.) Decided June 22, 1939.

Case by William E. Swift, administrator of the estate of Don S. Swift, deceased, against Luke Kenbeek for damages under survival act. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Fox, Fox & Fox,* for plaintiff.

*Albert H. Adams* (*Harry C. Howard,* of counsel), for defendant.

NORTH, J. The accident giving rise to this suit was a collision between defendant's automobile and a bicycle on which Don S. Swift was riding. The collision resulted in Swift's death. The administrator of his estate brought this suit. On trial by jury there was verdict and judgment for plaintiff. Defendant has appealed and asserts that he was entitled to a directed verdict on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law.

About 10:30, the night of February 18, 1937, Don Swift, then about 19 years of age, was riding his bicycle westerly down a hill, near the curb, on the north side of East Main street, in the city of Kalamazoo. Defendant's car, operated by his son with defendant's consent, was proceeding easterly up the hill on East Main street, and, as the automobile approached the point where Charlotte avenue turns off from East Main street in a northerly direction, the driver made a left turn, intending to go northerly on Charlotte avenue. East Main street is paved. Near the northerly curb line of East Main street, and near the center line of Charlotte avenue, the bicycle was struck by the left-hand front fender of defendant's car.

The negligence charged is that the driver of defendant's car was proceeding at an unreasonable rate of speed, without keeping a proper lookout for other traffic, and without regard to traffic approaching from the east on the northerly side of East Main street. On the other hand the alleged contributory negligence on the part of plaintiff's decedent is that he was riding at an excessive rate of speed, and that his bicycle was not equipped with a lighted lamp or bell. Appellant does not claim there was not sufficient testimony to sustain the jury's finding that defendant was negligent. Instead, appellant contends the trial court should have directed a verdict against plaintiff on the ground that his decedent was shown to have been guilty of contributory negligence as a matter of law, particularly in that he was riding his bicycle at an excessive and illegal rate of speed. By his brief appellant presents the following questions:

"1. Did the fact that there were such eye-witnesses prevent the operation of the presumption of due care?

"2. Did the testimony of defendant's witnesses in regard to the excessive and illegal speed of the bicycle prevent the operation of the presumption of due care?

"3. Was proof of the physical facts pertaining to the accident sufficient evidence of contributory negligence to displace the presumption of due care and cast the burden on the plaintiff to show due care and freedom from contributory negligence?"

Insofar as the foregoing questions pertain to any presumption that, because there were no eye-witnesses, plaintiff's decedent is presumed to have been free from contributory negligence, they are in no way pertinent to this review because the case was not submitted to the jury upon that theory. Instead the trial judge distinctly submitted to the jury as an issue of fact the question of whether plaintiff's decedent was or was not guilty of contributory negligence.

We quote briefly from the charge to the jury:

"The plaintiff brings the action and the burden of proof rests upon him to satisfy you as jurors by a preponderance of the evidence, the greater weight of the evidence, first, that the defendant's son, John Kenbeek, was negligent in some respect as claimed; that the negligence was the proximate, the direct cause of the collision, and, third that Don Swift was not guilty of contributory negligence, that is, that he was not guilty of negligence on his part which contributed to cause the collision. * * * If both parties to a transaction are guilty of negligence in some degree which causes or contributes to cause the collision, then neither may recover damages from the other."

The controlling question before us is whether, on this record, contributory negligence of plaintiff's decedent was an issue of fact for the jury. The only

phase of decedent's alleged contributory negligence submitted to the jury as to which appellant claims, or could claim, there was not a factual controversy is that decedent, as he approached the point of collision, was riding his bicycle at an excessive and unlawful rate of speed.

Appellant points out that there were eye-witnesses to this phase of the accident, and insists that *all* of the testimony is indicative of excessive and unlawful speeding. One of the witnesses who saw the accident testified, "I would say this bicycle of Don Swift's was travelling about 35 miles an hour." Appellee is not in accord with appellant's view of the testimony; but in reaching decision herein we may disregard appellee's conflicting view of the testimony and assume that decedent was proceeding on his bicycle at a negligent and unlawful rate of speed. For even if the testimony is to that effect, we still have the factual issue as to whether the pace at which plaintiff's decedent was riding was a contributing proximate cause of the accident. *McConnell v. Elliott,* 242 Mich. 145. Suppose plaintiff's decedent had approached the point of collision at only 20 or 15 miles an hour, would every man acting as a juror in such a case say that the accident would not have happened? Or might some say it would have happened and others, having like knowledge, say it would not have happened? The rule is that unless the record in a case of this character is such that men of reasonable minds would not differ a question of fact is presented. *Amanta* v. *Railroad Co.,* 177 Mich. 280; *Helber* v. *Harkins,* 210 Mich. 580.

"Even if there were no conflict in the testimony, if different inferences might reasonably be drawn as to its import, the question as to whether there was negligence would still be for the jury." *Woods*

v. *Chalmers Motor Co.* (syllabus), 207 Mich. 556 (19 N. C. C. A. 932).

In the instant case there was detailed but conflicting testimony as to the facts and circumstances immediately attendant upon the accident. A question of fact was presented as to whether the speed at which plaintiff's decedent was riding his bicycle was or was not a proximate cause of the accident.

Appellant cites and relies upon *Bernstein* v. *Brody*, 256 Mich. 512, as an authority supporting his contention that, under such a record as this, the question of the negligence of plaintiff's decedent being a proximate cause of the accident is one of law. The cited case does not sustain this contention. In the instant case we are reviewing a jury's finding, but in the cited case the appeal was from a case tried without a jury. On review of nonjury law cases we may review both the facts and the law. In reviewing the *Bernstein Case*, Chief Justice CLARK, who wrote for the court, properly found as a fact that excessive speed of the automobile in which plaintiff was riding was a proximate cause of the collision and constituted contributory negligence. In the instant case the jury passed upon this question and under the record we are bound by the jury's findings.

The trial court was not in error in refusing defendant's motion for a directed verdict or in denying the defendant's subsequent motion for judgment *non obstante veredicto*. Our review of the record does not disclose reversible error.

Judgment entered in the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.