MICHIGAN FIRE & MARINE INSURANCE CO. *v.* PRETTY
LAKE VACATION CAMP, INC.

1. AUTOMOBILES—NEGLIGENCE—QUESTION FOR JURY—TRACTOR AND
SEMITRAILER—STATION WAGON—OVERTAKING VEHICLES.
In action by subrogees of owner of tractor and semitrailer for
damages to equipment and cargo as result of collision with
defendant's station wagon as latter was being passed and
overtaken, under record containing conflicting testimony as
to manner in which impact occurred and as to occurrences
immediately following such impact and leading to the upset
of plaintiff's equipment the question of defendant's negligence
was for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—SIGNAL
OF INTENTION TO TURN OVERTAKEN VEHICLE TO LEFT.
In action to recover for damages to tractor and semitrailer
and cargo after collision with overtaken station wagon at
7 p.m. early in March where testimony as to whether or not
defendant's driver had given an observable signal indicating
his intention to make a left turn, question of contributory neg-
ligence of driver of overtaking vehicle was for jury.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.
Negligence of one seeking to recover damages does not preclude
recovery unless such negligence contributed to the accident
and injury.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
In action for damages because of defendant's negligence in
which the defense of contributory negligence is interposed,
unless the record is such that men of reasonable minds would
not differ, a question of fact is presented.

5. TRIAL—DIRECTED VERDICT—EVIDENCE.
On defendant's motion for a directed verdict it is the duty of
the court to construe the testimony offered by plaintiffs as
strongly as possible in their favor.

---

Question of fact for the jury as to defendant's negligence and
plaintiff's contributory negligence, see 2 Restatement, Torts, § 434;
standard of conduct defined, §§ 283–285; function of jury and causal
relation between harm and negligence, §§ 465, 466, comment b; con-
tributory negligence defined, § 463.

6. AUTOMOBILES—TRACTOR AND SEMITRAILER—SPEED—CONTRIBUTORY
NEGLIGENCE—QUESTION FOR JURY.
    Question of whether the negligence of the driver of tractor and
        semitrailer, owned by assignor of plaintiffs, in driving such
        equipment at an excessive rate of speed, contributed to acci-
        dent and damage sustained by equipment and cargo was for
        jury where evidence was such that the minds of reasonable
        men might reach different conclusions as to the matter.

*7. APPEAL AND ERROR—VERDICT—EVIDENCE—SUPREME COURT.
    If there was substantial evidence tending to support the ver-
        dict, it should not be set aside even though the Supreme Court
        might be in doubt as to·the ultimate facts.

8. AUTOMOBILES—INSTRUCTIONS—PREJUDICE.
    In action by subrogees for damages to tractor and semitrailer
        and cargo resulting from collision.with defendant's overtaken
        station wagon, instruction when read in its entirety, fairly
        presented to jury the claims of the respective parties and
        could not mislead jury to defendant's prejudice.

9. SAME—REQUEST TO CHARGE—UNWARRANTED ASSUMPTION.
    Refusal of request to charge in language requested, in action
        arising out of a collision between motor vehicles while plain-
        tiffs' was overtaking defendant's, was proper where request
        was based in part on an assumption that the upsetting of
        plaintiffs' vehicle, which caused the damage took place in
        the grassy portion of the highway and such assumption was
        not warranted by the testimony and the valid portion was
        otherwise covered in the charge given.

10. TRIAL—CONTRADICTIONS BY SAME WITNESS—QUESTION FOR JURY.
    Where there are inconsistencies and contradictions in the testi-
        mony of a witness it is for the jury to determine which spe-
        cific answers are correct.

11. NEGLIGENCE — SUBSEQUENT NEGLIGENCE — EVIDENCE — QUESTION
FOR JURY.
    If testimony is conflicting as to whether or not a motorist was
        guilty of subsequent negligence, the issue is for the jury.

12. APPEAL AND ERROR—VERDICTS—WEIGHT OF EVIDENCE.
    The Supreme Court does not try cases on the law side of the
        court de novo; hence the fact that it would have reached a
        different conclusion than did the jury is not controlling, the
        verdict being set aside only when it is against the over-
        whelming weight of the evidence.

13. Same — Automobiles — Verdicts — Evidence — Instruc-
tions—New Trial.

Issues in action for damages arising out of collision between
tractor and semitrailer with defendant's station wagon having
been submitted to jury under proper instructions, verdict
which is supported by the evidence will not be set aside nor
new trial granted.

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted October 17, 1946. (Docket No. 69, Calendar No. 43,431.) Decided December 2, 1946.

Case by Michigan Fire & Marine Insurance Company, assignee and subrogee of Ree Newkirk and others against Pretty Lake Vacation Camp, Inc., for damages resulting from an accident. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Mason, Stratton, Kent & Wise,* for plaintiffs.

*Mitts & Smith,* for defendant.

Carr, J. This case arises out of a traffic accident occurring on highway US–12, near Oshtemo, Michigan, about 7 o'clock in the evening of March 4, 1945. A tractor, with semitrailer attached, owned by plaintiff Newkirk and operated by his employee, David Holley, was proceeding in a westerly direction on said highway. Plaintiff's driver undertook to pass a station wagon, traveling in the same direction, belonging to defendant and operated by defendant's driver, James Wilson. As plaintiff's equipment was passing the station wagon the right rear wheel of the trailer came in contact with the left front corner of defendant's vehicle. The trailer was loaded with rolls of paper, weighing approximately 22,000 pounds. Following the impact, plaintiff's equipment upset on the shoulder of the road, striking a

tree. As a result of the upset the truck, trailer and cargo were damaged.

Plaintiff Michigan Fire & Marine Insurance Company had previously written an insurance policy to Mr. Newkirk covering the cargo. In accordance with the provisions of the policy it paid to insured the damages sustained by the cargo. The other plaintiff, Casualty Reciprocal Exchange, had insured the tractor and trailer against collision damage, and it also paid Mr. Newkirk as required by its contract. Each insurer claimed the right to be subrogated, under its policy, to the rights of Mr. Newkirk to the extent of the payment made by it, and consequently joined with him in the present action.

It was the claim of plaintiffs on the trial that the accident resulted from the negligence of defendant's driver in undertaking to turn to the left, across the center line of the highway, as plaintiff's equipment was passing defendant's vehicle. Testimony was offered tending to show that the station wagon ran into the trailer. It was plaintiffs' theory of the case that the subsequent upset, and resulting damage to the tractor, trailer and cargo, were the proximate results of the collision. Defendant, denying negligence on its part, insisted that plaintiff's driver was negligent in undertaking to pass the station wagon under the circumstances indicated by the proofs. It is claimed in this regard that defendant's driver gave a signal by extending his arm from the window of the station wagon, indicating his intention to turn to the left; that immediately prior to the impact the station wagon had been traveling between 5 and 10 miles per hour with its left wheels across the center line of the pavement, which, at the point of the collision, was 20 feet in width; that plaintiff's driver should have seen the signal and passed on the right, if at all; and that plaintiff's equipment was traveling at a rate of speed in excess of that permitted by

the regulations of the Michigan public service commission. It is conceded on the record that, under such regulations, the maximum rate of speed was 20 miles an hour for plaintiff's equipment, and that it was, in fact, being driven approximately 35 miles an hour at the time of the accident. Defendant insisted on the trial that its driver was not guilty of negligence constituting the proximate cause of the accident and, in any event, that plaintiff's driver was guilty of contributory negligence.

The case was tried before a jury. At the conclusion of plaintiffs' proofs, counsel for defendant moved for a directed verdict, which motion was renewed at the conclusion of the testimony, and taken under advisement by the court. The jury returned verdicts for plaintiffs in the aggregate amount of $2,164.90. Thereupon defendant moved for judgment notwithstanding the verdict in accordance with the motion for a directed verdict. This motion was denied, and thereafter defendant moved for a new trial. This motion also was denied. Defendant has appealed, asking that the judgment entered in the circuit court be reversed and the case remanded, with instructions to enter judgment for defendant. In the alternative, defendant seeks a new trial.

The first question for consideration is whether defendant was entitled to a directed verdict for the reasons assigned by it. The testimony as to the manner in which the impact between the vehicles occurred is in conflict. Likewise, there are contradictions in the testimony as to occurrences immediately following such impact and leading up to the upset of plaintiff's equipment. It is sufficient to say that on the record the question of defendant's negligence was for the jury to determine.

In support of its claim that plaintiff's driver was guilty of contributory negligence as a matter of law, defendant contends that its driver's signal, indicat-

ing his intention to turn, should have been observed by plaintiff's driver. It was, and is plaintiffs' claim that Mr. Newkirk's driver was exercising reasonable and proper care in the operation of his equipment and that he did not see any signal by defendant's driver. In view of the testimony relating to this phase of the case, we think that the issue was for the jury.

The principal claim advanced by defendant with reference to the matter of contributory negligence is based on the admitted fact that plaintiff's driver was operating the tractor and trailer at a rate of speed in excess of that permitted by law. In submitting the case to the jury the trial court called attention to the violation of the regulation of the Michigan public service commission and, in substance, told the jury that such speed was negligence. The jury was further charged that if the negligence of plaintiff's driver contributed to the accident and injury there could be no recovery of damages. It does not appear that the correctness of the charge of the court on this point is challenged. It is insisted, however, on behalf of defendant, that the court should have held plaintiff's driver guilty of negligence as a matter of law, and that a verdict for defendant should have been directed on that ground.

It is settled law in this State that negligence charged against one seeking to recover damages in a case of this character does not preclude recovery unless it contributed to the accident and injury. In *Swift* v. *Kenbeek,* 289 Mich. 391, plaintiff administrator brought suit to recover damages for the death of his intestate, resulting from injuries sustained in a collision between defendant's automobile and the intestate's bicycle. On the trial it was claimed that the bicycle was being ridden at a negligent and

unlawful rate of speed. Assuming that such was the fact, it was said:

"For even if the testimony is to that effect, we still have the factual issue as to whether the pace at which plaintiff's decedent was riding was a contributing proximate cause of the accident. *McConnell* v. *Elliott,* 242 Mich. 145. Suppose plaintiff's decedent had approached the point of collision at only 20 or 15 miles an hour, would every man acting as a juror in such a case say that the accident would not have happened? Or might some. say it would have happened and others, having like knowledge, say it would not have happened? The rule is that unless the record in a case of this character is such that men of reasonable minds would not differ a question of fact is presented. *Amanta* v. *Railroad Co.,* 177 Mich. 280; *Helber* v. *Harkins,* 210 Mich. 580."

Likewise, in *Losey* v. *Wetters,* 278 Mich. 422, it was said with reference to a situation analogous to that involved in the case at bar:

"If we assume that the Dodge truck was traveling at a rate of speed in excess of 30 miles per hour in contravention of 1 Comp. Laws 1929, § 4766, as amended by Act No. 253, Pub. Acts 1933,* then we think it presents a question of fact for a jury's determination as to whether or not the excessive speed was the proximate cause of the accident. We cannot say as a matter of law that exceeding the statutory speed in the manner and under the circumstances involved in this case was the proximate cause of the accident."

See, also, *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich. 528, and cases there cited.

On the motion for a directed verdict it was the duty of the court to construe the testimony offered

---

* See Comp. Laws Supp. 1935, § 4766, Stat. Ann. § 9.1643.— REPORTER.

by plaintiffs as strongly as possible in their favor. *Anderson* v. *Kearly,* 312 Mich. 566; *Lane* v. *B. & J. Theatres, Inc.,* 314 Mich. 666. Based on the evidence in the case we think that the minds of reasonable men might reach different conclusions on the question whether the negligence of plaintiff's driver, in traveling at an excessive rate of speed, contributed to the accident and the damage sustained by plaintiff's equipment and the cargo. In consequence, this issue also was for the jury to determine. *Nezworski* v. *Mazanec,* 301 Mich. 43. See, also, *Werker* v. *McGrain,* 315 Mich. 287, where it was said:

"If there is substantial evidence tending to support the verdict it should not be set aside even though this Court might be in doubt as to the ultimate facts. *Pulford v. Mouw,* 279 Mich. 376."

The motion for judgment notwithstanding the verdict was properly denied.

Defendant's claim that it is entitled to a new trial is based on alleged errors in the charge of the trial court, and on the refusal of the court to charge as requested by defendant. It is contended that plaintiffs' claims as to how the accident and damage occurred were improperly and inaccurately submitted to the jury. We have carefully examined the record and think that the charge of the court, read in its entirety, fairly presented to the jury the claims of the respective parties. It does not appear that the jury could have been misled, to defendant's prejudice.

Among other requests to charge, defendant presented the following:

"I charge you that the defendant would not be liable for the damage done to the plaintiff's vehicle or for the loss suffered by reason of the damage to the cargo, if you find that the collision between the

defendant's vehicle and the plaintiff's vehicle did not cause plaintiff's vehicle to go onto the grass portion of the highway to the south of the shoulder, or if you find that after the collision between the plaintiff's and defendant's vehicle, the operator of the plaintiff's vehicle had an opportunity to have stopped his vehicle before going off from the shoulder of the highway and onto the grass portion thereof.''

The trial court did not give the request as presented. In denying the motion for a new trial he indicated that said request was covered in the charge as given insofar as proper. He further stated in his opinion, ''The last clause placed too great a burden on plaintiff's driver. The opportunity must have been a reasonable one.'' It will be noted that the request to charge rests on the assumption that the upsetting of plaintiff's equipment, and its collision with a tree, which caused the damage, took place on the grass portion of the highway. This assumption is, we think, unwarranted. The testimony of plaintiff's driver was, in substance, to the effect that the load shifted somewhat, following the impact, that there was loose gravel on the shoulder causing the equipment to slip, that he undertook to get back on the pavement, and that the upset then occurred. With reference to the specific point referred to, he said:

''I would not say that what happened was that after this collision my car went off the shoulder and on the grass portion to the south of it, it didn't. After rolling over my left wheels were in the grass on the edge of the shoulder and after I had stopped my left front wheel of the tractor got into the grass on the south shoulder. When my vehicle first started to tip over wasn't when it got into the grass portion south of the south shoulder. As the load shifted it put most of the weight on the left, on the driver's

side of the tractor and trailer. The load shifted as I was leaving the pavement after the collision."

In view of this testimony, as well as for the reasons indicated by the circuit judge in his opinion, the refusal to give the charge in the form presented was not error. While there were some inconsistencies and contradictions in the testimony of plaintiff's driver, it was for the jury to determine which specific answers made by him were correct. In *Goonen* v. *Ann Arbor R. Co.*, 218 Mich. 502, plaintiff, as a witness in his own behalf, gave testimony inconsistent with any claim of subsequent negligence. Subsequently, he testified in support of such theory. Commenting on the contradictory testimony, this Court said:

"Upon a motion to direct a verdict for defendant, the evidence must be viewed in the light most favorable to plaintiff and when so viewed the portion of his testimony sustaining the theory of subsequent negligence made an issue of fact for the jury. It was for the jury to say what weight shall be given to his testimony as a whole."

See *Emery* v. *Ocean Accident & Guarantee Corp.*, 209 Mich. 295; *Smith* v. *Doughty*, 227 Mich. 638; *Thrall* v. *Pere Marquette R. Co.*, 257 Mich. 269.

It is also claimed that the verdict of the jury was against the great weight of the evidence and should be set aside for that reason. Commenting on a similar claim it was said in *McConnell* v. *Elliott*, 242 Mich. 145:

"Clearly plaintiff's testimony made a case for the jury and defendant was not entitled to a directed verdict. Nor can we say on this record, having due regard for our duties as a reviewing court, that the verdict should be set aside as against the weight of the evidence. We, of course, do not on the law side

of the court try cases *de novo.* The fact that we would reach a different conclusion than did the jury is not controlling. We should set aside a verdict, and only set one aside, when it is against the overwhelming weight of the evidence. We are not persuaded that this record justifies us in setting aside the verdict."

The language quoted may properly be applied in the case at bar. For the reasons given above in the discussion concerning the principal questions involved, we think the issues in the case were properly submitted to the jury. The verdict finds support in the record, and we agree with the trial court that it should not be set aside. The motion for a new trial was properly denied.

Judgment is affirmed, with costs to appellees.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.