GARBACZ *v.* GRAND TRUNK WESTERN RAILWAY
COMPANY.

1. AUTOMOBILES—HEAVY VEHICLES—RAILROAD CROSSING—STOPPING.
   Where one-axle semitrailer weighing 4,900 pounds was so at-
   tached to 8,000-pound tractor as to make combination appear
   as a single unit, the combination was a motor vehicle weigh-
   ing over 10,000 pounds including load which statute required
   to be stopped before crossing a railroad track (Act No. 318,
   § 7a, Pub. Acts 1927, as added by Act No. 191, Pub. Acts
   1941).

2. SAME—TRACTOR-SEMITRAILER COMBINATION—CONTRIBUTORY NEG-
   LIGENCE—STOPPING AT RAILROAD CROSSING.
   Driver of tractor and semitrailer towing a four-wheel trailer
   was guilty of contributory negligence as a matter of law in
   action against railroad company in failing to stop before pro-
   ceeding across railroad tracks, where his vehicle exceeded 10,-
   000 pounds in weight and both statute and applicable public
   service commission rule required that his vehicle be stopped
   before proceeding across railroad tracks (Act No. 318, § 7a,
   Pub. Acts 1927, as added by Act No. 191, Pub. Acts 1941;
   Act No. 254, art. 2, § 10, art. 5, § 6, Pub. Acts 1933; Public
   Service Commission Rule No. 43).

3. SAME—VIOLATION OF LAW—NEGLIGENCE PER SE.
   Violation of the law in the operation of a motor vehicle is negli-
   gence *per se.*

4. SAME—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE.
   Contention that there was no showing that failure of plaintiff
   driver to stop his heavy tractor and semitrailer combination
   at railroad crossing as required by statute and applicable pub-

REFERENCES FOR POINTS IN HEADNOTES

[2] Failure to stop, look, and listen at railroad crossing as negligence
    *per se.* 1 A.L.R. 203; 41 A.L.R. 405.
[3] 5 Am. Jur., Automobiles, § 421.
[4] 5 Am. Jur., Automobiles, § 659.
[5] 53 Am. Jur., Trial, § 177.

lic service commission rule contributed to collision with defendant's train *held,* without merit since it was unnecessary to show the obvious that had plaintiff stopped he would have seen the train straight ahead of him or it would have crossed before he started again (Act No. 318, § 7a, Pub. Acts 1927, as added by Act No. 191, Pub. Acts 1941; Act No. 254, art. 2, § 10, art. 5, § 6, Pub. Acts 1933; Public Service Commission Rule No. 43).

5. Trial—Directed Verdict.

Where the record is such that men with reasonable minds would not differ, there is no question of fact for the jury.

Appeal from Oakland; Hartrick (George B.), J. Submitted October 5, 1948. (Docket No. 3, Calendar No. 44,110.) Decided November 12, 1948.

Case by Walter Garbacz against Grand Trunk Western Railway Company for damages to truck involved in collision with defendant's train. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Davidson & Kaess* (*Richard K. Amerson,* of counsel), for plaintiff.

*Patterson & Patterson* (*Forbes B. Henderson,* of counsel), for defendant.

Butzel, J. Walter Garbacz, plaintiff, was driving his tractor-trailer combination in a southerly direction on Telegraph road in Oakland county, Michigan, on the night of December 3, 1947. At the point where the defendant's railroad tracks cross the road, his tractor-trailer combination came in contact with a freight train belonging to the defendant. The train was approaching from plaintiff's right at a speed of 30 to 35 miles per hour. The combination being driven by the plaintiff consisted of a tractor to which was attached a one-axle semitrailer so as to appear as a single unit, and fas-

tened to the rear of the semitrailer was a four-wheel trailer. They were badly damaged.

Plaintiff claims that the blinker warning signals at the crossing were not working, that no bells or whistle were sounded, for if they had been, he would have heard them. He admitted, however, that he did not bring his tractor and trailers to a stop, as required by law. He had been traveling at a rate of 35 miles per hour, but reduced his speed to 20 to 25 miles per hour as he neared the tracks. When about 25 feet from the tracks, he first saw the train approaching about 50 feet to his right. He tried to avoid the collision by attempting to stop and swerving to the left.

The judge directed a verdict for the defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law in not bringing his tractor and trailer to a full stop before crossing the tracks as required by law. Act No. 318, § 7a, Pub. Acts 1927, as added by Act No. 191, Pub. Acts 1941 (Comp. Law Supp. 1940, § 4699-1, Stat. Ann. 1947 Cum. Supp. § 9.1567[1]), which provides as follows:

"The driver or operator of any motor vehicle weighing over 10,000 pounds, including the load thereon, shall not cross any railroad track without coming to a full stop within 50 feet but not less than 10 feet from such railroad tracks."

Plaintiff contends on appeal that the statute does not apply as the tractor weighed only 8,000 pounds, not 10,000 pounds as stated in Act No. 191, Pub. Acts 1941, *supra,* which statute must be strictly construed. We find no merit in plaintiff's contention. The semitrailer weighing 4,900 pounds was so attached to the tractor as to become a component part of a single vehicle weighing well over 10,000 pounds, without adding thereto the attached four-wheel trailer which weighed 7,420 pounds and was part of the load drawn by the tractor.

Furthermore plaintiff's equipment was operated under a certificate issued by the Michigan public service commission and so governed by its rules, of which rule No. 43* provides:

"No driver of any motor vehicle under certificate or permit from this commission, shall drive such vehicle across railroad tracks at grade without first bringing the vehicle to a full stop and shall not proceed until he ·shall have determined that it is safe to cross."

Act No. 254, art. 2, § 10, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 11352–13, Stat. Ann. § 22.543) provides one of the powers of the commission is to prescribe safety rules and regulations in the use of the highways. Act No. 254, art. 5, § 6, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 11352–41, Stat. Ann. § 22.571) provides:

"All rules and regulations established by the commission shall be given and shall have the force and effect of law."

Plaintiff was guilty of contributory negligence in his failure to stop and then proceed in the manner prescribed by rule No. 43. Violation of the law is negligence *per se*. *Benaway* v. *Pere Marquette Railway Co.*, 296 Mich. 1.

Plaintiff contends, however, that there is no showing that the failure to stop before crossing the tracks contributed to the accident. It is not necessary to show what was so perfectly obvious. It would follow from what the proofs disclosed, that at the rate the train was approaching, had plaintiff stopped, he would have seen the train straight ahead of him or it would have crossed the road before he started again. Where the record is such that men with reasonable minds would not differ, as here, there is

---

*See Administrative Code, 1944, p. 546.—Reporter.

no question of fact for the jury. *Swift* v. *Kenbeek,* 289 Mich. 391.

The judgment for defendant is affirmed, with costs.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, and CARR, JJ., concurred with BUTZEL, J.

REID, J., concurred in the result.