VAN DYKE *v.* ROZNECK.

1. APPEAL AND ERROR—SETTING ASIDE VERDICT—WEIGHT OF EVIDENCE.

   On appeal from verdict and judgment for defendant the reviewing court does not try the case *de novo* and should set aside a verdict only when it is against the overwhelming weight of the evidence.

2. AUTOMOBILES—INTERSECTION ACCIDENT—NEGLIGENCE—EVIDENCE.

   Where evidence as to defendant motorist's operation of his car was conflicting, trial judge was correct in not directing jury to find that defendant was guilty of negligence as a matter of law in pedestrian's action for damages for injuries suffered at street intersection.

3. TRIAL—INSTRUCTIONS.

   The charge to the jury must be considered as a whole, and when it clearly states the law applicable to the particular case and clearly defines the issues, objectionable sentences considered independent of context do not require the conclusion that there is reversible error.

4. AUTOMOBILES—INTERSECTIONS—INSTRUCTIONS—MOTORIST'S DUTY TO OBSERVE.

   In pedestrian's action against motorist for injuries sustained at street intersection, portion of instruction which ignored motorist's right to see and observe plaintiff *held*, not erroneous, where preceded by instruction that plainly required defendant to observe what was in plain sight to see.

5. SAME—INSTRUCTION—PROXIMATE CAUSE.

   Where both the instruction as to negligence of defendant motorist and that relating to contributory negligence of plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am. Jur., Appeal and Error, § 890.
[2] 5 Am. Jur., Automobiles, § 735.
[3–5] 3 Am. Jur., Appeal and Error, § 1097.

pedestrian were associated by the court with the definition of proximate cause the instruction was not prejudicial to plaintiff, notwithstanding the court might well have been more specific in his charge as to proximate cause.

Appeal from Ottawa; Miles (Fred T.), and Smith (Raymond L.), JJ. Submitted January 7, 1949. (Docket No. 38, Calendar No. 44,271.) Decided February 28, 1949.

Case by Leoria Van Dyke against John Joseph Rozneck and another for personal injuries sustained when she was struck by an automobile driven by defendant Rozneck. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*J. Donald Murphy,* for plaintiff.

*Lokker, Den Herder & Boter,* for defendants.

BUSHNELL, J. About 9:45 in the evening of March 15, 1947, plaintiff Leoria Van Dyke, after getting off a bus at the corner of Washington street and Second avenue, in the city of Grand Haven, Michigan, while crossing Washington street was struck by a car owned by defendant Edwin Winters, which was driven with his consent by defendant John Joseph Rozneck. Washington street runs in an easterly and westerly direction, and Second avenue in a northerly and southerly direction. The bus stop is on Second avenue just north of Washington street.

Plaintiff's testimony shows that she waited for the traffic light at this corner to change from red to green, observed on-coming traffic in both directions, and when the light turned green she proceeded to cross Washington within the sidewalk lines. According to plaintiff, defendant's car, proceeding

westerly, came around a car parked east of the corner, and struck her when she was about at the middle of Washington street. There is testimony that Rozneck was traveling at an excessive rate of speed, *i.e.*, 45 to 50 miles per hour, to the left of the center of the street. Rozneck admitted that he did not see plaintiff or her companion, but he produced testimony to show that he was not on the wrong side of the street and that the traffic light was in his favor as he crossed the intersection at a speed of not more than 20 miles per hour.

This conflicting testimony was submitted to a jury which found in favor of the defendants. On appeal, plaintiff argues that the verdict of the jury is contrary to law and the great weight of the evidence, and that the trial judge erred in his instructions to the jury and in denying her motion for a new trial.

We say here, as we did in *McConnell* v. *Elliott*, 242 Mich. 145, recently quoted in *Michigan Fire & Marine Ins. Co.* v. *Pretty Lake Vacation Camp, Inc.*, 316 Mich. 197:

"Nor can we say on this record, having due regard for our duties as a reviewing court, that the verdict should be set aside as against the weight of the evidence. We, of course, do not on the law side of the court try cases *de novo*. The fact that we would reach a different conclusion than did the jury is not controlling. We should set aside a verdict, and only set one aside, when it is against the overwhelming weight of the evidence. We are not persuaded that this record justifies us in setting aside the verdict."

An examination of Rozneck's testimony in its entirety does not require the conclusion that the trial judge should have charged the jury that Rozneck was guilty of negligence as a matter of law. Plaintiff contends that the court's instruction: "And, of course, on the other hand if you find that Mrs.

Van Dyke did not have a green light in her favor, or if you find that Mr. Rozneck did use due care, didn't drive too fast, had a green light in his favor, then, of course, the plaintiff cannot recover in this case," ignores the duty imposed by law upon Rozneck to see and observe the plaintiff. A charge, however, must be considered as a whole, and when it clearly states the law applicable to the particular case and clearly defines the issues, objectionable sentences considered independent of context do not require the conclusion that there is reversible error. *Provost* v. *Brueck,* 110 Mich. 136, and *Bouma* v. *Dubois,* 169 Mich. 422, 434.

Immediately preceding the claimed erroneous instruction the court said:

"If he came up to that street   *   *   *   he didn't observe the plaintiff as she was crossing the street, it was his duty to observe what was in plain sight to see, of course. Now if you find in this case by the greater weight of the evidence if that you believe that Mr. Rozneck failed to observe what was there to see   *   *   *   then you may find that Mr. Rozneck was negligent. And if he was negligent and his negligence, his failure to use the care that the ordinarily careful driver would use, if that was the real cause of this accident, the injury to Mrs. Van Dyke, then you should find a verdict in favor of the plaintiff in this case."

It cannot be held that the charge thus given was unfair to either party.

Plaintiff further contends that the court erred in failing to instruct the jury that even though they should find plaintiff guilty of contributory negligence, such negligence would not bar recovery, unless it was the proximate cause, or one of the proximate causes, of her accident and injury. This contention was considered by the trial judge on motion

for new trial. We agree with his statement with respect to this contention, when he said:

"The court's charge on the definition of negligence and contributory negligence was given in the same paragraph and clearly the two are treated together. In defining negligence and contributory negligence the court associated the two with the definition of proximate cause. Although the court might well have been more specific in his charge on 'proximate cause' nevertheless no prejudicial error is indicated."

No reversible error having been found, the judgment of no cause of action is affirmed, with costs to appellee.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.