UNITED STATES FIRE INSURANCE COMPANY *v.* GRAND TRUNK WESTERN RAILROAD COMPANY.

1. RAILROADS — CROSSINGS — WARNING DEVICES — STOPPING OF VE-
HICLES WEIGHING OVER 10,000 POUNDS.

An automatic electrically-operated crossing warning signal, consisting of 2 flashing lights and a bell, stationed 10 feet south of first of 5 sets of railroad tracks and on east side of street, on which device there was a sign "4 tracks—stop on red" *held,* not to constitute a traffic-control signal excusing operator of vehicle weighing in excess of 10,000 pounds from coming to a stop before crossing first set of tracks (PA 1949, No 300, §§ 72, 669, subd [b]).

2. TRIAL—EVIDENCE.

It is unnecessary to show that which is perfectly obvious.

3. SAME—DIRECTED VERDICT—RECORD.

There is no question of fact for the jury and a directed verdict is proper, where record is such that men with reasonable minds would not differ.

4. RAILROADS—TRACTOR AND TRAILER WEIGHING OVER 10,000 POUNDS
—STOPPING—CONTRIBUTORY NEGLIGENCE—WARNING DEVICES.

Operator of tractor and trailer, carrying 4 automobiles and

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 44 Am Jur, Railroads §§ 536, 562, 563.

weighing in excess of 10,000 pounds, was guilty of contributory negligence as a matter of law in failing to come to a stop before crossing the first of 5 sets of railroad tracks on a dark and snowy evening, notwithstanding the automatic electrically-operated warning signal which protected the first 4 sets of tracks was not operating, and collision occurred between his vehicle and switch engine on fifth set of tracks, such signal not excusing him from coming to a stop (PA 1949, No 300, §§ 72, 669, subd [b]).

Appeal from Ingham; Coash (Louis E.), J. Submitted October 5, 1955. (Docket No. 31, Calendar No. 46,591.)   Decided December 28, 1955.

Case by United States Fire Insurance Company, subrogee, Industrial Transport Incorporated, and Dale Fee against Grand Trunk Western Railroad Company, a Michigan corporation, for damages sustained when automobile-transport carrier was struck by switch engine. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Sinas, Dramis & Brake* (*Lee C. Dramis,* of counsel), for plaintiffs.

*Jennings, Fraser, Parsons & Trebilcock,* for defendant.

KELLY, J.   Plaintiff Fee drove a tractor and trailer carrying 4 Oldsmobile automobiles north on Mart street, in Muskegon. The plaintiff Industrial Transport Incorporated owned the tractor and trailer, and plaintiff United States Fire Insurance Company carried the cargo insurance on the 4 Oldsmobiles.

Mart street, 1-1/2 blocks long, runs in a northerly and southerly direction from Western avenue to the boat docks. Toward the northerly end of this street there are 5 sets of railroad tracks crossing the street. The most northerly set of tracks are maintained and

controlled by defendant, Grand Trunk Western Railroad Company, and for the purpose of this opinion will be referred to as track 5. The most southerly tracks (being the first set of tracks plaintiff Fee crossed as he drove north on Mart street) will in this opinion be referred to as track 1. Tracks 2, 3 and 4 are located between tracks 1 and 5.

An automatic electrically-operated crossing warning signal of the type generally used to warn vehicular traffic approaching a railroad is stationed 10 feet south of track 1, on the easterly side of Mart street. The type of warning given by said device consists of 2 flashing lights and a bell. On this warning device is a sign: "4 tracks—Stop on red." Between tracks 3 and 4, a few feet to the right of the street, is located a "T" shaped sign on a pole with words "Railway Crossing." Track 5 is not marked by any sign, light or warning device to warn a person driving north.

On the evening of the collision of plaintiff Fee's tractor and trailer and defendant's railroad switch engine, it was dark and snowy and the warning light was not flashing and the warning bell not ringing as Fee drove north toward the dock and crossed track 1.

Plaintiff Fee testified that he "virtually came to a stop," but did not come to a complete stop before proceeding across track 1; that he shifted to the second lowest gear of 8 forward speeds; that he made observation before crossing the first set of tracks and continued to make observation as he continued to cross the rest of the tracks at a speed of 5 to 10 miles per hour; that he heard no whistle or warning signal until just a second before the switch engine struck his vehicle in the vicinity of the cab door, as he was crossing track 5.

As the result of said collision $269.80 damages were claimed by plaintiff United States Fire Insur-

ance Company, $859.06 by Industrial Transport Incorporated, and $500 by plaintiff Fee for injury suffered. Each of the 3 plaintiffs asked double damages by virtue of CL 1948, § 462.19 (Stat Ann § 22.-38).

A jury trial was held in Ingham county. The proof established that the weight of the tractor was 5,700 pounds, the trailer 10,100 pounds, and each of the 4 automobiles being transported weighed from 1,800 to 2,000 pounds. The court directed the jury to bring in a verdict of no cause for action because plaintiff Fee was guilty of negligence in violating the State law providing that the driver of any motor vehicle weighing over 10,000 pounds, including the load thereon, shall not cross a railroad track without coming to a full stop within 50 feet but not less than 10 feet from such railroad track.

PA 1949, No 300, § 669 (CLS 1954, § 257.669 [Stat Ann 1952 Rev § 9.2369]), provides:

"(a) The driver of any motor vehicle * * * weighing over 10,000 pounds, including the load thereon, before crossing at grade any track or tracks of a railroad, shall stop such vehicle within 50 feet but not less than 10 feet from the nearest rail of such railroad and while so stopped shall listen and look in both directions along such track for any approaching train, and for signals indicating the approach of a train, except as hereinafter provided, and shall not proceed until he can do so safely. * * *

"(b) No stop need be made at any such crossing where a police officer or a traffic-control signal directs traffic to proceed."

PA 1949, No 300, § 48 (CLS 1954, § 257.48 [Stat Ann 1952 Rev § 9.1848]), reads:

" 'Railroad track' means every pair or group of pairs, as the case may be, of any railroad or traction company, except municipal streetcar companies."

*Garbacz* v. *Grand Trunk Western Railway Co.*, 323 Mich 7, dealt with a similar question and this Court held that a statute almost identical to the one above referred to makes the driver of a trailer guilty of contributory negligence as a matter of law when he drives a vehicle exceeding 10,000 pounds in weight across a railroad track without first stopping before crossing said track.

Appellants contend that the above case was decided prior to PA 1949, No 300, § 669, subd (b), providing that the stop need not be made at a "crossing where a police officer or a traffic-control signal directs traffic to proceed."

PA 1949, No 300, § 72 (CLS 1954, § 257.72 [Stat Ann 1952 Rev § 9.1872]), defined traffic-control signal as follows:

" 'Traffic-control signal' means any device whether manually, electrically or mechanically operated, by which traffic is alternately directed to stop and to proceed."

Appellants contend that the warning signal located about 10 feet south of track 1 met the statutory definition of a traffic-control signal and excused plaintiff Fee from stopping before crossing the track, because, while the signal did not communicate a "go" signal, there was an "implied communication that you may proceed when the signal is not flashing red."

The traffic-control signal near track 1 did not alternately direct traffic to stop and proceed and, therefore, did not meet the statutory requirements of a traffic-control signal which would excuse plaintiff Fee from bringing his vehicle to a stop before crossing track 1.

Appellants contend that plaintiff Fee's failure to stop was not as a matter of law a proximate cause of the accident because "even if Dale Fee had

stopped, looked and listened for 5 minutes before proceeding he might not have heard or seen a switch engine running with no lights."

In *Garbacz* v. *Grand Trunk Western Railway Co.*, *supra,* 10, 11, this Court held:

"Plaintiff contends, however, that there is no showing that the failure to stop before crossing the tracks contributed to the accident. It is not necessary to show what was so perfectly obvious. It would follow from what the proofs disclosed, that at the rate the train was approaching, had plaintiff stopped, he would have seen the train straight ahead of him or it would have crossed the road before he started again. Where the record is such that men with reasonable minds would not differ, as here, there is no question of fact for the jury. *Swift* v. *Kenbeek,* 289 Mich 391."

Plaintiff Dale Fee was guilty of contributory negligence as a matter of law and the trial court did not err in directing a verdict.

Judgment affirmed, costs to appellee.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.