SMITH-DOUGLASS v WALCH

TRIAL—VERDICT—JUDGMENT NOTWITHSTANDING THE VERDICT—APPEAL AND ERROR.

The court should set aside a verdict when it is against the overwhelming weight of the evidence; such was the situation in a case seeking damages for a breach of contract where the defendant admitted the existence of a debt, the record clearly showed that the debt was owed to the plaintiff, the debt was at least as large as the recovery sought by the plaintiff, and the jury found no cause of action.

Appeal from Newaygo, Harold Van Domelen, J. Submitted Division 3 November 8, 1972, at Grand Rapids. (Docket No. 12661.) Decided November 29, 1972.

Complaint by Smith-Douglass Division of Borden Chemical against Desmer Walch to recover damages for breach of contract. Judgment for defendant. Plaintiff appeals. Reversed and remanded with instructions.

*Vander Veen, Freihofer & Cook, P. C.* (by *William J. Fisher),* for plaintiff.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. The plaintiff brought this action seeking to recover damages for a breach of contract. A jury found no cause for action and the plaintiff has appealed.

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur 2d, Evidence § 1080 et seq.

By the defendant's own admission he owes a debt, but at trial he disputed the amount and contended that the debt was really owed to a third party. The record clearly shows that the debt is owed to the plaintiff. There is no evidence that the debt was owed to a third party. The defendant's testimony that he owed a third party merely shows that he was mistaken on the question of whom he owed. In *McConnell v Elliott,* 242 Mich 145, 147 (1928) it was said:

"We should set aside a verdict, and only set one aside, when it is against the overwhelming weight of the evidence."

Such is the situation in this case.

If we accept the figures used by the defendant's counsel at trial the defendant is indebted to the plaintiff at least in the amount of $2,464.80. The plaintiff now seeks recovery in this amount.

Reversed and remanded with instructions to enter a judgment notwithstanding the verdict in the amount of $2,464.80, together with interest from the date of filing of the complaint. Costs in both courts to the plaintiff.